**GONZALEZ et al. v. VAELLO et al.**

No. 9706.

Court of Civil Appeals of Texas.
San Antonio.

Jan. 29, 1936.

Rehearing Denied March 11, 1936.

John D. Sutherland, of San Diego, and W. W. Winslow, of Laredo, for appellants.

Perkins & Floyd, of Alice, for appellees.

MURRAY, Justice.

Appellees, F. Vaello, Jr., and Francisco Vaello Puig, instituted this suit in the district court of Duval county against appellants, Juan F. Gonzalez, Matiana B. de Gonzalez, Ramiro R. de Gonzalez, and Aminta L. de Gonzalez, seeking to recover the amount of principal, interest, and attorneys fees alleged to be due upon a certain note, dated June 10, 1929, originally for the principal sum of $930.63, providing for interest and attorney's fees, and due one year after date. Appellees also prayed for foreclosure of a mechanic's and materialman's lien given as security for the payment of said note.

The trial was before the court without the intervention of a jury and resulted in judgment for appellees as prayed for, from which judgment appellants have prosecuted this appeal.

Appellants' contention is that the note was barred by the four-year statute of limitation at the time this suit was begun in the district court of Duval county.

The parties agree and the court found that this note would have become barred by statute on June 10, 1934.

Appellants contend that they began their suit on June 9, 1934, while appellees contend it was not begun until June 11, 1934. The trial judge made, among others, the following findings of fact, to wit:

"I further find that on June 8, 1934, the plaintiffs, through their attorneys, prepared and mailed from Alice, Texas, to Liborio Cadena, district clerk, San Diego, Texas, the petition in this suit with citation prepared, requesting said district clerk to file said petition and issue citations, and particularly requested the clerk to see that the petition was filed June 9, 1934. I further find that said letter was mailed June 8, 1934, properly stamped and addressed and that it reached San Diego and the office of the district clerk of Duval county on June 9, 1934.

"I further find that Liborio Cadena, district clerk of Duval county, was not in his office on June 9, 1934, and that the letter, together with the petition and citations reached his office and were placed in a box designated for the reception of his mail and that he found them in his

office on June 11, 1934, being the first day that he came back to his office after the receipt of said papers, and upon reaching the office he first filed them as of date June 11, 1934, but thereafter changed the date to June 9, 1934.

Appellants contend that the evidence does not support these findings. We conclude that it does. It shows that the petition was prepared and properly mailed at the city of Alice to the district clerk of Duval county on June 8, 1934; that a letter so mailed at Alice would arrive at San Diego, the county seat of Duval county, early on the morning of June 9, 1934; that the courthouse janitor at San Diego daily makes a trip to the post office after such mail arrives, carries the mail to the courthouse, and distributes it among the officials; that Liborio Cadena, who was the district clerk of Duval county, kept a box in his office to receive all of his mail thus delivered, and that the janitor habitually placed all mail addressed to him in this box; that the district clerk did not reside in San Diego, the county seat, but resided at Benavides; that on June 9, 1934, the clerk did not go to his office, but when he did go there, on June 11, 1934, he found, in the box kept for that purpose, appellants' letter containing the petition. We think that this evidence was sufficient to support the trial judge's finding that the petition was actually delivered into a box kept for the receipt of mail by the district clerk in his office. 17 Tex.Jur. 273, § 74; Lumbermen's Reciprocal Ass'n v. Henderson (Tex.Civ.App.) 1 S.W.(2d) 646; Davis v. Petroleum Casualty Co. (Tex. Civ.App.) 13 S.W.(2d) 981.

This brings us to a consideration of the question as to whether depositing the petition in the office of the district clerk was equivalent to filing the petition with him. The clerk did not live in San Diego, nor did he have a deputy who resided there, as required by article 1898, R.S. 1925, as amended by Acts 1929, c. 123, § 1 (Vernon's Ann.Civ.St. art. 1898). We conclude that when neither the clerk nor a deputy is to be found at the county seat and a petition, accompanied by a letter and a prepared citation, ready for the clerk's signature, are deposited in a box in the office of such clerk, which box is kept by such clerk for the reception of incoming mail, such petition may be properly regarded as having been filed with the clerk. Blackburn v. State ex rel. Echols (Tex.Civ.App.) 72 S.W.(2d) 627.

Accordingly, the judgment of the trial court will be affirmed.