Edward W. **MOORE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 05–91–01318–CV.

Court of Appeals of Texas,
Dallas.

Jan. 31, 1992.

Edward W. Moore, Dallas, for appellant.

Thomas Keever, Dallas, for appellee.

OPINION

LAGARDE, Justice.

Edward W. Moore appeals a forfeiture judgment upon an appearance bond for which he was the surety. Judgment was signed on June 10, 1991. A timely motion for new trial was filed, so Moore's cost bond on appeal was due to be filed on Monday, September 9. *See* TEX.R.APP.P. 41(a)(1) & 5(a). The record, however, reflects that the bond actually was filed belatedly, on September 16. On our own motion, we questioned whether we had jurisdiction over this appeal. Moore has been given the opportunity to brief the issue, and we have reviewed his brief. For the reasons given below, we conclude that we do not have jurisdiction over this appeal and order it dismissed.

On September 5, Moore addressed an envelope to:

Bond Forfeiture Clerk
Frank Crowley cts Bldg.
133 N. Industrial, 2nd flr
Dallas, Texas 75207

He inserted his cost bond in the envelope and deposited it in the United States mail on the same date. As shown by the file stamp, however, the district clerk's office received the bond belatedly, on September 16. Moore filed no timely motion to extend the time to file the bond with this Court.

Instead, Moore relies upon the "mail box" rule. *See* TEX.R.APP.P. 4(b). He argues that, because he deposited the cost bond in the United States mail before its due date and because it arrived at the district clerk's office within ten days after its due date, the bond was timely filed. We disagree.

Rule 4(b) of the Texas Rules of Appellate Procedure provides in pertinent part:

> If ... any matter relating to taking an appeal ... from the trial court to any higher court ... is sent *to the proper clerk* by first-class United States mail in an envelope or wrapper *properly addressed* and stamped and is deposited in the mail on or before the last day for filing same, the same, if received by the clerk not more than ten days tardily, shall be filed by the clerk and be deemed as filed in time....

TEX.R.APP.P. 4(b) (emphasis added). The Frank Crowley Courts Building in Dallas County contains an office for the clerk of the district court of Dallas County; it also contains an office for the clerk of the county court of Dallas County. Both offices are located on the second floor of the Frank Crowley Courts Building. Nothing in Moore's address indicates which of the two clerks, the district clerk or the county clerk, is the intended recipient. Therefore, the envelope does not identify the "proper clerk" and cannot be considered "properly addressed."

Moore argues that the envelope would have gone to the receiving department in the Frank Crowley Courts Building; an employee there would have opened the envelope, determined from the face of the bond itself the clerk for whom it was intended, and routed the bond to the appropriate clerk, in this case, the district clerk.[1] Moore relies upon *Mr. Penguin Tuxedo*

*Rental & Sales, Inc., v. NCR Corp.*, 787 S.W.2d 371, 372 (Tex.1990) (per curiam), and *Gonzalez v. Vaello*, 91 S.W.2d 904, 905 (Tex.Civ.App.—San Antonio 1936, writ dism'd). In *Mr. Penguin*, a motion for new trial was timely delivered to the court administrator, who later turned it over to the district clerk. *See* 787 S.W.2d at 371. The Supreme Court of Texas concluded that the appellant had "timely filed its motion for new trial, which would have been timely received by the clerk but for a delay caused *by a courthouse employee.*" *Mr. Penguin*, 787 S.W.2d at 372 (emphasis added). In *Gonzalez*, the courthouse employee involved was the courthouse janitor, who routinely made trips to pick up the mail at the post office. 91 S.W.2d at 905. The janitor picked up an original petition at the post office on the last day before the statute of limitations would have barred suit; he brought it back to the district clerk's internal mail box and left it there. The district clerk, however, was out of the office on that day and did not see the petition until two days later. *Gonzalez*, 91 S.W.2d at 904–05.

Both *Mr. Penguin* and *Gonzalez*, however, involve cases in which the paper to be filed was timely in the constructive control of the appropriate district clerk. In *Mr. Penguin*, the motion was mailed in an envelope addressed to "the 'Clerk for the Honorable Bill Thomas, Judge,' the trial judge." 787 S.W.2d at 371. In *Gonzalez*, the petition was mailed in an envelope addressed to "Liborio Cadena, district clerk, San Diego, Texas." 91 S.W.2d at 904. In each case, the envelope was addressed with sufficient specificity to identify precisely the clerk for whom it was intended. The purpose of deeming something filed at the time it is given into the constructive custo-

---

1. Moore reconstructs what must have happened from his understanding of usual operating procedures at the Frank Crowley Courts Building. Our record, however, shows simply that Moore addressed the envelope containing his cost bond as described and that the cost bond was filed in the district clerk's office on September 16. Anything else is speculation. Nonetheless, we consider Moore's argument on its own terms. The point remains that, because of Moore's imprecision in addressing the envelope, this Court is forced to speculate what might have happened to the envelope after it was deposited in the mail and who might have routed it to its ultimate destination. Whether we have jurisdiction over an appeal should not depend upon such speculative scenarios; an appellant should be able to show this Court that it has jurisdiction by showing that he has fully complied with the applicable provisions of the Texas Rules of Appellate Procedure.

dy of the clerk, however, is "to protect a diligent party from being penalized by the errors and omissions of the court clerk." *Standard Fire Ins. Co. v. LaCoke*, 585 S.W.2d 678, 680 (Tex.1979). Nonetheless, a party is still under an obligation to do all he can to timely file an instrument. *See LaCoke*, 585 S.W.2d at 681. Moore did not do all he could to timely file his cost bond, nor did he use appropriate diligence to confirm the accuracy of his address.

Moore argues that, in this case, we should consider the anonymous employee in the receiving department to be the agent of the district clerk, so that, when that employee received Moore's cost bond, the bond was in the district clerk's constructive possession. The problem with that analysis is that the receiving department is not the exclusive agent of the district clerk; it is answerable to two clerks, the district clerk and the county clerk. The address on Moore's envelope was not sufficient to alert anyone in the receiving department how the envelope should be routed. Although *Mr. Penguin* talks generally about a "courthouse employee" preventing the appropriate clerk from timely receiving a motion for new trial, 787 S.W.2d at 372, we do not understand the supreme court to have meant that *any* employee working in a courthouse is a constructive agent for a particular clerk. We have held that a motion to extend the time to file a cost bond, filed in the trial court rather than in this Court, was ineffective and could not be considered as if it had been properly filed in this Court. *See Fite v. Johnson*, 654 S.W.2d 51, 52–53 (Tex.App.—Dallas 1983, no writ). That holding would be meaningless if a deputy trial court clerk could be considered, by virtue of working in the same building in which this Court's clerk works, as a constructive agent on behalf of our clerk.

■ In this case, in order for us to accept Moore's argument, we must conclude that it was necessary for an unknown third party to open the envelope as Moore had addressed it and determine from the face of the bond itself what should be done with it. Moore concedes that the receiving de-partment is not a United States Post Office, although he characterizes it as a "quasi-postal substation." Nonetheless, when the unknown third party intervened, he was acting not as an exclusive agent of the district clerk nor as an employee of the United States Post Office. *Cf. Carpenter v. Town & Country Bank*, 806 S.W.2d 959, 960 (Tex.App.—Eastland 1991, writ denied) (per curiam) (sending a motion for new trial by a private courier, rather than by United States mail, does not comply with TEX. R.CIV.P. 5). We hold that, for a paper to be considered "sent to the proper clerk" and "properly addressed" for purposes of rule 4(b), the address on the envelope must identify with sufficient specificity the exact clerk for whom it is intended. An appellant cannot rely upon an action taken by a third party in opening the envelope and reading the paper contained inside in order to route the paper to its intended destination. Unless an appellant complies, with that degree of exactitude, with the requirements of rule 4(b), he should not be allowed to obtain the ten-day extension afforded by rule 4(b).

■ We conclude that Moore did not timely file his cost bond and that, in the absence of a timely motion to extend the time to file a bond, we do not have jurisdiction over this appeal. The appeal is dismissed.

ENOCH, C.J., and WHITHAM, STEWART, THOMAS, OVARD and BURNETT, JJ., join in the majority opinion.

KAPLAN, J., dissents with opinion.

BAKER, KINKEADE, MALONEY, CHAPMAN and ROSENBERG, JJ., join in the dissenting opinion.

KAPLAN, Justice, dissenting.

I respectfully dissent.

The majority concludes that, because appellant Edward W. Moore addressed the envelope used to mail his cost bond to the "Bond Forfeiture Clerk" instead of the

"Felony Bond Forfeiture Clerk",[1] he cannot invoke the provisions of the "mail box" rule. *See* Tex.R.App.P. 4(b). There is no doubt, however, that Moore did in fact mail the bond on the day that it was due and that it reached the office of the district clerk, for whom it was intended, within the ten-day period permitted by rule 4(b). The purpose of rules imparting deadlines to appellate procedure is to encourage litigants to give due regard to time limits and to permit the appellate court to dispose of the appeal with a timely resolution. *See Krasniqi v. Dallas County Child Protective Services Unit*, 809 S.W.2d 927, 934 (Tex. App.—Dallas 1991, writ denied) (Enoch, C.J., concurring). But the timeliness of Moore's bond is not the issue. There is no reason to believe that the bond would have arrived in the district clerk's office any sooner than it did, even if the address on the envelope had specified that the clerk intended was the felony or district clerk. The majority reasons that, because Moore addressed the envelope to the "Bond Forfeiture Clerk," someone in the receiving department at The Frank Crowley Courts Building had to open the envelope and determine from the face of the bond whether Moore intended it for the district clerk or the county clerk. The amount of time necessary to open an envelope and scan a bond, to determine which of two clerk's offices its intended destination is, would take only a few minutes at most. That amount of time is hardly a delay in justice that should result in justice denied. Regrettably, the majority denies Moore appellate review merely because he did not comply with a hypertechnical interpretation of rule 4(b).

The majority also reasons that employees in the receiving department are not the exclusive agents of the district clerk, so that their custody of a document cannot be considered as constructive control of the district clerk. The majority attempts to distinguish *Mr. Penguin Tuxedo Rental & Sales, Inc., v. NCR Corporation*, 787 S.W.2d 371, 372 (Tex.1990) (per curiam),

and *Gonzalez v. Vaello*, 91 S.W.2d 904, 905 (Tex.Civ.App.—San Antonio 1936, writ dism'd). I consider them indistinguishable. As the majority itself notes, the courthouse employee in *Mr. Penguin* who first received a motion for new trial was the court administrator, *see* 787 S.W.2d at 371. The courthouse employee in *Gonzalez* who first received an original petition was the courthouse janitor. Yet in both cases the courts held that these employees were acting as the clerk's agents when they received the papers to be filed. Neither was a deputy clerk; neither had exclusively clerical duties to perform. Both a court administrator and a janitor have duties that do not come under the supervisory powers of the court clerk, at least in the capacity of clerk. It may be that not every courthouse employee can be considered an agent of any clerk who works in the same courthouse, as the majority asserts. But the issue in this case is whether an employee who works in the receiving department in The Frank Crowley Courts Building, whose duties include processing mail and forwarding it on, can properly be considered an agent of the district clerk. The *Gonzalez* Court stressed that the janitor involved routinely made trips to pick up the courthouse mail at the post office. *See* 91 S.W.2d at 905. It did not matter that the janitor may have had other duties. All that mattered was that *one* of his duties was bringing material to be filed to the clerk. The clerk therefore obtained constructive control over a paper to be filed when the janitor picked it up. The receiving department may not be the *exclusive* agent of the district clerk, but there can be no question that, when the receiving department forwards a paper on to the district clerk, it is acting as the district clerk's agent for that purpose. Nothing in either *Mr. Penguin* or *Gonzalez* requires that "courthouse employees" who can be considered as a clerk's agent for filing purposes be limited to full-time deputy clerks working directly under the supervision of the district clerk.

1. The State acknowledges that the cost bond should have been mailed to the Felony Bond Forfeiture Clerk.

The envelope containing Moore's cost bond was addressed in such a way that it arrived promptly at the district clerk's office, within the time limits of rule 4(b). The perceived defect in Moore's address did not noticeably delay its routing through The Frank Crowley Courts Building. Asserting jurisdiction over this appeal would not mean that we would be condoning the careless addressing of envelopes; it would mean only that we would refuse to elevate a trivial omission in an address to an empty technicality that deprives a litigant of his appeal.

We have held that the purpose of the Texas Rules of Appellate Procedure "should be construed to accomplish their manifest purpose to eliminate jurisdictional pitfalls that result in dismissals on technical grounds." *Cf. Miller v. Hernandez,* 708 S.W.2d 25, 27 (Tex.App.—Dallas 1986, no writ) (construing the predecessor Texas Rules of Civil Procedure). Today the majority inexplicably retreats from that noble standard and does, indeed, dismiss this appeal on the slimmest of technical grounds. The majority creates a jurisdictional pitfall that will surely disturb, if not panic, busy practitioners.

I would hold that the envelope containing Moore's cost bond was sufficiently addressed to achieve the manifest purpose of the "mail box" rule: the bond arrived within the time permitted by that rule. I would assert jurisdiction over this appeal.

BAKER, KINKEADE, MALONEY, CHAPMAN and ROSENBERG, JJ., join in this dissenting opinion.