**Edward W. MOORE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 343–92.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 28, 1992.

Edward W. Moore, Dallas, for appellant.

John Vance, Dist. Atty., and Michael J. Watts, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

This is an appeal from a final judgment upon forfeiture of an appearance bond for

---

which Appellant was the surety. The Court of Appeals dismissed the appeal after concluding that it did not have jurisdiction over the case. *Moore v. State*, 825 S.W.2d 172 (Tex.App.—Dallas, 1992). The Court of Appeals held that Appellant could not invoke Tex.R.App.Pro. 4(b), the "mailbox rule," because he did not "properly" address the envelope containing the cost bond. Therefore, the court found that his cost bond on appeal was untimely filed. We granted Appellant's petition to review that decision.

The final judgment was signed on June 10, 1991. A timely motion for new trial was filed, so Appellant's cost bond on appeal was due on Monday, September 9, 1991. See Tex.R.App.Pro. 41(a)(1). Appellant mailed the bond on September 5, 1991, in an envelope addressed to:

Bond forfeiture Clerk

Frank Crowley cts Bldg.

133 N. Industrial, 2nd flr

Dallas, Texas 75207

The bond was not filed until September 16, 1991, which would have been timely under Rule 4(b).

Rule 4(b) states in pertinent part:

**(b) Filing.** If ... any matter relating to taking an appeal ... from the trial court to any higher court, ... is sent to the proper clerk by first-class United States mail in an envelope or wrapper properly addressed and stamped and is deposited in the mail on or before the last day for filing same, the same, if received by the clerk not more than ten days tardily, shall be filed by the clerk and be deemed as filed in time; ....

The Court of Appeals stated that on the 2nd floor of the Frank Crowley Courts Building in Dallas County there is an office for the clerk of the county court and another office for the clerk of the district court. Since Appellant's envelope did not specify which clerk, the Court of Appeals held he could not rely upon the "mailbox" rule because "the envelope does not identify the 'proper clerk' and cannot be considered 'properly addressed.'" *Id.* at 173.

Appellant argued that the envelope in the instant case would have gone to the receiving department in the Frank Crowley Courts Building and an employee there would have determined from the face of the bond itself the clerk for whom it was intended and routed the bond to the appropriate clerk. Thus, the cost bond was timely in the constructive control of the district clerk as in *Mr. Penguin Tuxedo Rental & Sales, Inc., v. NCR Corp.*, 787 S.W.2d 371 (Tex.1990) (per curiam) and *Gonzalez v. Vaello*, 91 S.W.2d 904 (Tex.Civ.App.—San Antonio 1936, writ dism'd).

In *Mr. Penguin* the defendants sent a motion for new trial by overnight mail four days before it was due, addressed to the "Clerk for the Honorable Bill Thomas, Judge," the trial judge. The motion was delivered to the court administrator the next day, but was not file-stamped by the district clerk until several days later, after the deadline for filing the motion had passed. The Texas Supreme Court held the motion was timely filed because it was in the constructive custody or control of the clerk and would have been timely received but for a delay caused by a courthouse employee. See also *Standard Fire Ins. Co. v. LaCoke*, 585 S.W.2d 678 (Tex. 1979).

In *Gonzalez* a petition was mailed to the district clerk of Duval County and picked up at the post office by the courthouse janitor prior to its due date. The janitor placed the petition in a box in which the district clerk received all of his mail. The petition was not found until the district clerk went to the office, which date was after the due date.

The Court of Appeals attempted to distinguish *Mr. Penguin* and *Gonzalez*, stating that the receiving department is not the exclusive agent for the district clerk but is also responsible to the county clerk and, therefore, could not be the constructive agent of the district clerk. Furthermore, the address in the instant case was not as specific as that in *Gonzalez* and *Mr. Penguin*.

In his dissenting opinion, Justice Kaplan points out Appellant mailed the bond timely and it reached the office of the district

clerk, for whom it was intended, within the ten day period permitted by Rule 4(b). There is no reason to believe the bond would have arrived in the district clerk's office any sooner than it did, even if the address had specified the felony or district clerk. Also, the dissent argues that *Mr. Penguin* and *Gonzalez* are indistinguishable from the instant case. The dissent points out that the courthouse employee in *Gonzalez* who first received the original petition was the courthouse janitor and in *Mr. Penguin* the courthouse employee was the court administrator. Neither of these courthouse employees were exclusive agents of the district clerk. But, in both cases the courts held these employees were acting as the clerk's agents when they received the papers to be filed.

We agree with the dissent that, like *Mr. Penguin* and *Gonzalez*, an employee who works in the receiving department in the Frank Crowley Courts Building, whose duties include processing and forwarding mail, can properly be considered an agent of the district clerk. Therefore, once Appellant's cost bond arrived in the receiving department, it was within the effective custody or control of the district clerk.

Appellant's envelope was not improperly addressed because it was sufficiently specific as to be timely received at the proper place. Since the bond was filed on September 16, within the ten days permitted by Rule 4(b), it was timely. The judgment of the Court of Appeals is reversed, the appeal is reinstated, and the cause is remanded to the Court of Appeals.

CAMPBELL, Judge, concurring.

The majority opinion holds that the envelope was "not improperly addressed" *and* relies on the principle of constructive possession to support reversal of the Court of Appeals. Under the principle of constructive possession, the bond is not *deemed* to be timely filed but in fact *is* timely filed because the bond arrived in the receiving department on or before September 9, 1991. If the bond is timely filed, there is no need to invoke Rule 4(b) in order to deem the filing as timely.

I would rather not rely on the principle of constructive possession, if at all possible. Implicit in the phrase "constructive possession" is the reality that there is no actual possession. Constructive possession is a concept of judicial equity and should be utilized sparingly.

Furthermore, to use the principle of constructive possession in this case may greatly expand the principle's reach. To hold that constructive possession applies to the present case could mean that once an instrument arrives in a building's mail department, the instrument has been properly filed.

The cases dealing with constructive possession typically involve situations where the appellant has done everything within his power to timely file an instrument but was thwarted by some action (or inaction) on the part of the clerk's office. See, *Mr. Penguin Tuxedo Rental v. NCR Corp.*, 787 S.W.2d 371 (Tex.1990). In addition, there is usually some overt exercise of control over mail delivery beyond the mere signing for a document. See, *Id.* at 372.

In the present case, Appellant has not made any such showing. The record is exceedingly sparse. From the Court of Appeals opinion, it appears that (1) the bond was sent before the due date and (2) it was filed within the ten day grace period. On these facts alone, I find it hard to justify the sharp knife of judicial equity.

We should find the first line of the address to be sufficient to comply with Rule 4(b). The only contention here is that the bond should have been sent to the *"Felony* Bond Forfeiture Clerk" instead of the "Bond Forfeiture Clerk". I find such a distinction meaningless where there are only two clerks in a relatively small building. Furthermore, the ten day window in Rule 4(b) acts as an absolute bar. Whether or not the bond was sent to the "proper clerk" or was "properly addressed", when the ten days elapse, the time period has expired. The absolute deadline will preclude most arguments about what is a proper address or about whether the envelope was sent to the proper clerk, and this court can spend its time on more important

issues. For these reasons, I concur in the result only.

BAIRD, J., joins.