IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0180-13




 


HENRY EARL TAYLOR, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIRST COURT OF APPEALS


HARRIS COUNTY





 Keller, P.J., filed a dissenting opinion in which Keasler, J., joined. 


 In a misguided effort to help appellant get his case before the court of appeals, the Court
misses the point of the court of appeals opinion, neglects the consequences of appellant's own
argument, and cherry-picks which Rules of Appellate Procedure it will follow. I respectfully dissent.

 MISUNDERSTANDING THE COURT OF APPEALS OPINION


 Let's start with why the court of appeals held that it lacked jurisdiction over appellant's
attempted appeal. The Court misframes the issue early on by posing the question as whether notice
of appeal is timely filed "when it is mailed to the court of appeals" on or before the filing deadline. 
That is not only not the issue, it assumes the existence of the very issue that is actually before us,
namely, whether notice was "mailed to the court of appeals." 

 The court of appeals said that the mailbox rule was inapplicable because the court was
without information about whether the notice was properly addressed to the correct court. The court
of appeals recognized that this is the very issue that was before it, saying that appellant had failed
to allege anything at all about whether he had sent the pleading to a clerk. Because the mailbox rule
requires such an allegation, the court of appeals said that the mailbox rule did not apply. This
Court, however, says that "in the absence of direct evidence, as here, an appellate court may
reasonably infer" that appellant addressed his envelope to the clerk of the court of appeals. But this
is entirely backwards. Jurisdiction is not "inferred" in the absence of contrary evidence. If the
record fails to establish jurisdiction, then it does not exist. (1)

 The court of appeals followed Rule 9.2(b), which is presumably what this Court intended
when we adopted the rule. What the Court seems to be doing today is deciding after the fact that it
doesn't like the rule as it is written. But we wrote it, and the court of appeals followed it. Moreover,
the court of appeals bent over backwards for appellant, giving him and his attorney numerous
opportunities to plead something - anything - that would confer jurisdiction on that court. Unlike
this Court, however, when appellant continually failed to do so, the court of appeals ultimately held
that appellant's pleading failed to confer jurisdiction.

 The Court presumes that appellant sent his notice of appeal to the court of appeals. This
presumption, however, assumes the existence of a fact that is at issue, i.e., it begs the question. The
Court also presumes that the envelope used by appellant "was lost at some point," and it cites to
cases that say a defendant should not be prejudiced by "the clerk's errors." This improperly suggests
that the inadequacy in the record is attributable to the clerk, but nothing in the record supports such
a conclusion. And I do not agree with the Court's suggestion that appellant had limited ability to
demonstrate that he timely filed his notice of appeal. All he had to do was say where he sent it, but
he did not do so. 
 THE STATE'S ARGUMENT 


 The State argues that the prisoner mailbox rule requires evidence that the notice of appeal
was addressed to the proper clerk, and it says the issue in this case is whether the record supports
such a finding. Citing to a Texas Supreme Court case, the State notes that the burden is on an
appellant to provide some proof that he has complied with the mailbox rule.

 The State argues that appellant relies upon an inference that, because his notice of appeal
arrived at the court of appeals, that must be where prison authorities were directed to send it. This
inference requires appellate courts to decide that his failure to say where the envelope was directed
was inadvertent, rather than "a calculated choice when making a statement under penalty of perjury." 
It also requires speculation that the envelope was lost, to foreclose the possibility that appellant
mailed his notice of appeal to a third party. The State claims that appellant's interpretation would
render meaningless the requirements under the Rules that appellant show that he directed his filing
to the proper clerk.

 The Court does not address the State's arguments. 

APPELLANT'S ARGUMENT


 Appellant argues that a properly addressed envelope is one whose contents arrive at the
proper destination within the time allowed by the rules. Because his envelope did arrive within the
time designated by the mailbox rule, it was, he claims, ipso facto, properly addressed. He faults the
court of appeals for requiring that an envelope be "perfectly" addressed. 

 Appellant relies on Moore. (2) He says that, in order for the mailbox rule to apply, an envelope
must be addressed to a court clerk who acts as agent for the district clerk. He acknowledges that
addressing an envelope to a civilian intermediary, who may then file the document within the ten
days, would not comply with the mailbox rule. He says that an envelope addressed to the El Paso
County Clerk, and then forwarded to the Harris County District Clerk, would also not be timely
under the mailbox rule. He then argues that the fact that his envelope arrived within ten days of the
filing deadline proves that it was properly addressed. 

 I agree with appellant in at least this regard: the mailbox rule requires that documents be
addressed to a clerk. This, of course, appellant failed to allege, even given numerous opportunities,
and that is why the court of appeals held that it lacked jurisdiction. The Court's holding renders
superfluous the requirement of the rule that an envelope be addressed to "the proper clerk." (3) Even
in light of Moore, when we are considering a pleading upon which jurisdiction depends, there must
be some indication in the record that the document was addressed to a clerk. 

SOME RULES ARE MORE EQUAL THAN OTHERS


 The Court makes a point of saying that the plain language of Rule 25.2(c)(1) requires an
appellate court clerk to forward a notice of appeal to the trial-court clerk. Well, yes, but that rule
does not say - as the rule for civil cases does (4) - that a notice of appeal that is directed to the court
of appeals is deemed to have been filed in the trial court on the date the court of appeals receives it. 
The plain language of Rule 9.2(b) requires that a document be addressed to the proper clerk in order
for the mailbox rule to apply. The Court does not apply the plain language of that rule. 

 ANALYSIS


 I agree that Moore stands for the proposition that minor, non-fatal discrepancies in envelope
addressing should not deprive a person of the right to appeal. The envelope in Moore was addressed
to a clerk on the right floor of the correct building. Here, though, the record does not show that
appellant mailed his letter to a clerk at all. Appellant has argued that addressing a document to a
civilian, or even to the clerk of the wrong county, is inadequate to confer jurisdiction. Under his own
reasoning, the record is inadequate to establish compliance with Rule 9.2(b) and, therefore, it is
inadequate to show jurisdiction.

 The court of appeals offered appellant the opportunity to show jurisdiction not once, but
twice. On both occasions he was represented by appellate counsel, and on both occasions he failed
to show compliance with Rule 9.2(b). Appellant did not have to comply perfectly with the rule, but
he had to comply.

CONCLUSION


 I agree with the court of appeals (and with appellant) that mere timely receipt of notice in an
appellate court before the deadline does not establish jurisdiction under the Rules of Appellate
Procedure. (5) I respectfully dissent. (6)

Filed: February 5, 2014

Publish
1. See Johnson v. State, 84 S.W.3d 658, 667 & n. 23 (Tex. Crim. App. 2002) (explaining that
"the record had to reflect that the defendant met the jurisdictional prerequisites before an appellate
court could address the merits of his claims"). See also DaimlerChrysler Corp. v. Charlotte, 547
U.S. 332 n.3 (2006) ("we presume that federal courts lack jurisdiction unless the contrary appears
affirmatively from the record"); Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546-47
(1986).
2. Moore v. State, 840 S.W.2d 439, 441 (Tex. Crim. App. 1992).
3. Tex R. App. P. 9.2(b)(1) and (2).
4. Tex. R. App. P. 25.1(a) ("If a notice of appeal is mistakenly filed with the appellate
court, the notice is deemed to have been filed the same day with the trial court clerk, and the
appellate clerk must immediately send the trial court clerk a copy of the notice.") Further, the
Rules of Appellate Procedure have recently been revised, but this element of Rule 25 was not
amended. 
5. Douglas v. State, 987 S.W.2d 605 (Tex. App.-Houston [1st Dist] 1999, no pet.)
6. As the State notes, appellant is not foreclosed from seeking an out-of-time appeal
through a writ of habeas corpus. See Ex parte Riley, 193 S.W.3d 900 (Tex. Crim. App. 2006).