

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0180-13

**HENRY EARL TAYLOR, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIRST COURT OF APPEALS
### HARRIS COUNTY

**KELLER, P.J., filed a dissenting opinion in which KEASLER, J., joined.**

In a misguided effort to help appellant get his case before the court of appeals, the Court misses the point of the court of appeals opinion, neglects the consequences of appellant's own argument, and cherry-picks which Rules of Appellate Procedure it will follow. I respectfully dissent.

### MISUNDERSTANDING THE COURT OF APPEALS OPINION

Let's start with why the court of appeals held that it lacked jurisdiction over appellant's attempted appeal. The Court misframes the issue early on by posing the question as whether notice of appeal is timely filed "when it is mailed to the court of appeals" on or before the filing deadline. That is not only *not* the issue, it assumes the existence of the very issue that is actually before us,

namely, whether notice was "mailed to the court of appeals."

The court of appeals said that the mailbox rule was inapplicable because the court was without information about whether the notice was properly addressed to the correct court. The court of appeals recognized that this is the very issue that was before it, saying that appellant had failed to allege anything *at all* about whether he had sent the pleading to a clerk. Because the mailbox rule requires such an allegation, the court of appeals said that the mailbox rule did not apply. This Court, however, says that "in the absence of direct evidence, as here, an appellate court may reasonably infer" that appellant addressed his envelope to the clerk of the court of appeals. But this is entirely backwards. Jurisdiction is not "inferred" in the absence of contrary evidence. If the record fails to establish jurisdiction, then it does not exist.[1]

The court of appeals followed Rule 9.2(b), which is presumably what this Court intended when we adopted the rule. What the Court seems to be doing today is deciding after the fact that it doesn't like the rule as it is written. But we wrote it, and the court of appeals followed it. Moreover, the court of appeals bent over backwards for appellant, giving him and his attorney numerous opportunities to plead something – anything – that would confer jurisdiction on that court. Unlike this Court, however, when appellant continually failed to do so, the court of appeals ultimately held that appellant's pleading failed to confer jurisdiction.

The Court presumes that appellant sent his notice of appeal to the court of appeals. This

---

[1] *See Johnson v. State*, 84 S.W.3d 658, 667 & n. 23 (Tex. Crim. App. 2002) (explaining that "the *record* had to reflect that the defendant met the jurisdictional prerequisites before an appellate court could address the merits of his claims"). *See also DaimlerChrysler Corp. v. Charlotte*, 547 U.S. 332 n.3 (2006) ("we presume that federal courts lack jurisdiction unless the contrary appears affirmatively from the record"); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546-47 (1986).

presumption, however, assumes the existence of a fact that is at issue, i.e., it begs the question. The Court also presumes that the envelope used by appellant "was lost at some point," and it cites to cases that say a defendant should not be prejudiced by "the clerk's errors." This improperly suggests that the inadequacy in the record is attributable to the clerk, but nothing in the record supports such a conclusion. And I do not agree with the Court's suggestion that appellant had limited ability to demonstrate that he timely filed his notice of appeal. All he had to do was say where he sent it, but he did not do so.

## THE STATE'S ARGUMENT

The State argues that the prisoner mailbox rule requires evidence that the notice of appeal was addressed to the proper clerk, and it says the issue in this case is whether the record supports such a finding. Citing to a Texas Supreme Court case, the State notes that the burden is on an appellant to provide some proof that he has complied with the mailbox rule.

The State argues that appellant relies upon an inference that, because his notice of appeal arrived at the court of appeals, that must be where prison authorities were directed to send it. This inference requires appellate courts to decide that his failure to say where the envelope was directed was inadvertent, rather than "a calculated choice when making a statement under penalty of perjury." It also requires speculation that the envelope was lost, to foreclose the possibility that appellant mailed his notice of appeal to a third party. The State claims that appellant's interpretation would render meaningless the requirements under the Rules that appellant show that he directed his filing to the proper clerk.

The Court does not address the State's arguments.

## APPELLANT'S ARGUMENT

Appellant argues that a properly addressed envelope is one whose contents arrive at the

proper destination within the time allowed by the rules. Because his envelope did arrive within the time designated by the mailbox rule, it was, he claims, *ipso facto*, properly addressed. He faults the court of appeals for requiring that an envelope be "perfectly" addressed.

Appellant relies on *Moore*.[2] He says that, in order for the mailbox rule to apply, an envelope must be addressed to a court clerk who acts as agent for the district clerk. He acknowledges that addressing an envelope to a civilian intermediary, who may then file the document within the ten days, would not comply with the mailbox rule. He says that an envelope addressed to the El Paso County Clerk, and then forwarded to the Harris County District Clerk, would also not be timely under the mailbox rule. He then argues that the fact that his envelope arrived within ten days of the filing deadline proves that it was properly addressed.

I agree with appellant in at least this regard: the mailbox rule requires that documents be addressed to a clerk. This, of course, appellant failed to allege, even given numerous opportunities, and that is why the court of appeals held that it lacked jurisdiction. The Court's holding renders superfluous the requirement of the rule that an envelope be addressed to "the proper clerk."[3] Even in light of *Moore*, when we are considering a pleading upon which jurisdiction depends, there must be some indication in the record that the document was addressed to a clerk.

## SOME RULES ARE MORE EQUAL THAN OTHERS

The Court makes a point of saying that the plain language of Rule 25.2(c)(1) requires an appellate court clerk to forward a notice of appeal to the trial-court clerk. Well, yes, but that rule

---

[2] *Moore v. State*, 840 S.W.2d 439, 441 (Tex. Crim. App. 1992).

[3] TEX R. APP. P. 9.2(b)(1) and (2).

does not say – as the rule for civil cases does[4] – that a notice of appeal that is directed to the court of appeals is deemed to have been filed in the trial court on the date the court of appeals receives it. The plain language of Rule 9.2(b) requires that a document be addressed to the proper clerk in order for the mailbox rule to apply. The Court does not apply the plain language of that rule.

### ANALYSIS

I agree that *Moore* stands for the proposition that minor, non-fatal discrepancies in envelope addressing should not deprive a person of the right to appeal. The envelope in *Moore* was addressed to a clerk on the right floor of the correct building. Here, though, the record does not show that appellant mailed his letter *to a clerk* at all. Appellant has argued that addressing a document to a civilian, or even to the clerk of the wrong county, is inadequate to confer jurisdiction. Under his own reasoning, the record is inadequate to establish compliance with Rule 9.2(b) and, therefore, it is inadequate to show jurisdiction.

The court of appeals offered appellant the opportunity to show jurisdiction not once, but twice. On both occasions he was represented by appellate counsel, and on both occasions he failed to show compliance with Rule 9.2(b). Appellant did not have to comply perfectly with the rule, but he had to comply.

### CONCLUSION

I agree with the court of appeals (and with appellant) that mere timely receipt of notice in an appellate court before the deadline does not establish jurisdiction under the Rules of Appellate

---

[4] Tex. R. App. P. 25.1(a) ("If a notice of appeal is mistakenly filed with the appellate court, the notice is deemed to have been filed the same day with the trial court clerk, and the appellate clerk must immediately send the trial court clerk a copy of the notice.") Further, the Rules of Appellate Procedure have recently been revised, but this element of Rule 25 was not amended.

Procedure.[5]  I respectfully dissent.[6]

Filed: February 5, 2014
Publish

---

[5]  *Douglas v. State*, 987 S.W.2d 605 (Tex. App.–Houston [1ˢᵗ Dist] 1999, no pet.)

[6]  As the State notes, appellant is not foreclosed from seeking an out-of-time appeal through a writ of habeas corpus.  *See Ex parte Riley*, 193 S.W.3d 900 (Tex. Crim. App. 2006).