**Bobby Ray TURNER, Jr., Appellant**

**v.**

**The STATE of Texas, Appellee**

**No. 06-17-00025-CR**

Court of Appeals of Texas, Texarkana.

Date Submitted: July 31, 2017

Date Decided: August 29, 2017

Alwin A. Smith, Attorney at Law, 602 Pine Street, Texarkana, TX 75501, for appellant.

Lauren N. Sutton, Assistant District Attorney, 601 Main St., Texarkana, TX 75501, Jerry D. Rochelle, Bowie County District Attorney, 601 Main St, Texarkana, TX 75501, for appellee.

Before Morriss, C.J., Moseley and Burgess, JJ.

## OPINION

Bailey C. Moseley, Justice

A bench trial resulted in Bobby Ray Turner, Jr.'s, conviction for burglary of a habitation. During the punishment phase of the trial, Turner pled true to the State's enhancement allegation. He was sentenced to twenty years' imprisonment. Turner appeals.

In determining whether we have jurisdiction over this appeal, this Court is faced with what appears to be a question of first impression. The question is whether the prisoner mailbox rule applies in the face of affirmative evidence demonstrating that a prisoner (1) addressed the envelope containing his notice of appeal to the trial judge, instead of the proper clerk, and (2) mailed the document to an office other than the district clerk's office, which was

twenty-four miles away. We find that in such a circumstance, the prisoner mailbox rule does not save the notice of appeal from untimeliness. Finding that we have no jurisdiction over the instant appeal, we must dismiss it.

The trial court's judgment reflects that Turner's sentence was imposed on December 13, 2016. A notice of appeal must be filed within thirty days "after the day sentence is imposed ... or after the day the trial court enters an appealable order" if the defendant does not file a timely motion for new trial. TEX. R. APP. P. 26.2(a)(1). Our appellate record does not contain a motion for new trial. Therefore, Turner's notice of appeal was due to be filed on or before January 12, 2017. Here, even though the envelope contained in the appellate record demonstrates that it was mailed on January 11, 2017, the notice of appeal was filed by the clerk on January 20, 2017. Thus, unless either the mailbox rule or the prisoner mailbox rule applied, the notice of appeal was untimely.[1]

 "[U]nder the mailbox rule as it applies to prisoners ... a *pro se* inmate's pleading is deemed filed at the time the prison authorities duly receive the document to be mailed." *Taylor v. State*, 424 S.W.3d 39, 44 (Tex. Crim. App. 2014). Yet, the prisoner mailbox rule is generally subject to the requirements of Rule 9.2(b). *See Campbell v. State*, 320 S.W.3d 338, 342 (Tex. Crim. App. 2010). Rule 9.2(b) states,

"A document received within ten days after the filing deadline is considered timely filed if: (A) it was sent to the proper clerk by United States Postal Service or a commercial delivery service; [and] (B) it was placed in an envelope or wrapper properly addressed and stamped...." TEX. R. APP. P. 9.2(b).

In *Campbell*, the Texas Court of Criminal Appeals wrote, "We hold that the pleadings of *pro se* inmates shall be deemed filed at the time they are delivered to prison authorities for forwarding to the court clerk." *Campbell*, 320 S.W.3d at 344. Since *Campbell*, the Texas Court of Criminal Appeals has discussed the requirement that the notice of appeal be sent "to the proper clerk" under Rule 9.2(b). In *Taylor*, the court was faced with a notice of appeal that was addressed to the clerk of the appellate court, instead of the trial court clerk. *Taylor*, 424 S.W.3d at 44.[2] The court found the notice of appeal timely because (1) Rule 25.2(c) of the Texas Rules of Appellate Procedure mandates that the clerk of the court of appeals immediately date stamp and forward the notice of appeal to the trial court clerk and (2) the notice of appeal actually reached the correct destination within the period of time permitted under the mailbox rule. *Id.* Thus, *Taylor* specifically found the clerk of the appellate court to be a proper clerk within the meaning of Rule 9.2(b). In *Moore v. State*, 840 S.W.2d 439, 440–41

---

1. We informed Turner of this potential defect in our jurisdiction and afforded him the opportunity to demonstrate how we have jurisdiction over the matter notwithstanding the noted defect. In response, Turner argues that we should apply the prisoner mailbox rule. As further discussed below, we conclude that the prisoner mailbox rule does not apply in this case. We note that Turner also made several arguments similar to those made when seeking an out-of-time appeal. Only the Texas Court of Criminal Appeals has jurisdiction to grant an out-of-time appeal.

2. In *Taylor*, "the envelope bearing the address to which appellant's notice of appeal was mailed" was "lost at some point." *Taylor*, 424 S.W.3d at 46. *Id.* The Texas Court of Criminal Appeals determined that Taylor "should not be penalized for [the] loss" of the envelope. Here, the envelope containing Turner's notice of appeal is included in the appellate record and, as explained in this opinion, contributes to our finding that the notice of appeal cannot be saved by the prisoner mailbox rule.

(Tex. Crim. App. 1992) (per curiam), the Texas Court of Criminal Appeals was faced with an envelope mailed to the second floor of the Frank Crowley Courts Building in Dallas, which contained two clerk's offices located on that floor—one for the district court and one for the county court. In *Moore*, the court determined that the mailbox rule applied, even though the appellant did not specify the clerk to which he was mailing the envelope, because it would have been received by "an employee who works in the receiving department in the Frank Crowley Courts Building, whose duties include processing and forwarding mail." *Id.* at 441. Thus, the court determined that the employee could "properly be considered an agent of the district clerk." *Id.*

Here, the appellate record established (1) that the envelope containing the notice of appeal was sent to the trial judge, not the district clerk, and (2) that the envelope in which the notice of appeal was placed for mailing was addressed to "100 North Stateline Avenue," referred to as the Bi-State Justice Building in Texarkana, Texas, instead of the proper destination—the Bowie County District Clerk's Office in New Boston, Texas. *Taylor* and *Moore* involve unique circumstances not present here, as neither case stands for the proposition that an envelope addressed to a trial judge, in a city different from the one in which the proper clerk's office is located, constitutes a "properly addressed" envelope "sent to the proper clerk." Tex. R. App. P. 9.2(b).

Thus, we must turn to the "plain, unambiguous language of [Rule 9.2(b) ]," which requires the notice to be sent to the proper clerk in a "properly addressed" envelope. *Castillo v. State*, 369 S.W.3d 196, 197 (Tex. Crim. App. 2012) (concluding under the prior version of Rule 9.2(b) that the mailbox rule did not apply, even though appel-

lant's notice of appeal was only one day late, because it was delivered by Federal Express instead of by the United States Postal Service as required by the rule). Turner delivered an envelope to prison authorities for forwarding to the trial judge. Once delivered, the notice sat on the trial judge's desk for a period of time, and it was not forwarded to the clerk for filing until January 20, 2017. Because Turner did not deliver the notice of appeal "to prison authorities for forwarding to the court clerk," we find that the prisoner mailbox rule does not apply. *See Campbell*, 320 S.W.3d at 344.

After carefully reviewing the appellate record, we conclude that Turner's notice of appeal was untimely. Accordingly, we are left with no choice but to dismiss this appeal for want of jurisdiction.