

# Fourth Court of Appeals
## San Antonio, Texas

January 22, 2021

No. 04-20-00597-CR

Richard **LARES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CR-10110
Honorable Juanita A. Vasquez-Gardner, Judge Presiding

## O R D E R

On November 27, 2020, appellant Richard Lares filed a pro se notice of appeal stating he was appealing "a Final Judgment of Conviction with a[n] 'Amended' stamp" on it that was signed on August 11, 2020. *See Turner v. State*, 529 S.W.3d 157, 158 (Tex. 2017) (deeming pro se inmates pleading as filed at the time the prison authorities duly receive the document to be mailed). On January 19, 2021, the district clerk filed the clerk's record, which only contains the judgment of conviction that imposes sentence on August 10, 2009. The record does not include a copy of an amended judgment signed on August 11, 2020 or a motion that precipitated that judgment.

"A timely notice of appeal is necessary to invoke appellate jurisdiction." *Blanton v. State*, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012). In general, when a defendant appeals a judgment of conviction, the deadline for filing a notice of appeal runs thirty days after the date sentence is imposed in absence of a timely motion for new trial. *Id.*; TEX. R. APP. P. 26.2. Accordingly, appellant's notice of appeal would have been due by September 9, 2009. *See Blanton*, 369 S.W.3d at 904; TEX. R. APP. P. 26.2.

Nevertheless, the Texas Court of Criminal Appeals has also recognized that nunc pro tunc judgments are appealable orders subject to the thirty-day filing period. *Blanton*, 369 S.W.3d at 904. Accordingly, to the extent appellant may be appealing matters raised in the entry of the amended judgment, his notice of appeal would have been due by September 10, 2020.

Because it appears we lack jurisdiction to consider his appeal, we **ORDER** appellant to file in this court, on or before **February 22, 2021**, a response showing cause why this appeal should not be dismissed for want of jurisdiction. If appellant fails to satisfactorily respond within the time provided, the appeal will be dismissed. *See* TEX. R. APP. P. 42.3(c). If a supplemental clerk's record is required to establish this court's jurisdiction, appellant must ask the trial court clerk to prepare one and must notify the clerk of this court that such a request was made. All deadlines in this matter are suspended until further order of the court.

_____
Rebeca C. Martinez, Chief Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 22nd day of January, 2021.

_____
Michael A. Cruz,
Clerk of Court