

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0279-20

### ANDREW ANDERSON, Appellant

### v.

### THE STATE OF TEXAS

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE FIFTH COURT OF APPEALS
## DALLAS COUNTY

McClure, J., delivered the opinion of the Court in which Keller, P.J., and Hervey, Richardson, Newell, and Slaughter, JJ., joined. Yeary, J., filed a dissenting opinion. Walker, J., filed a dissenting opinion. Keel, J., dissented.

## O P I N I O N

Is an incarcerated defendant entitled to the 10-day grace period for filing a notice of appeal when he omitted the words "district clerk" from the envelope he used to send his notice of appeal? In this case, no. Because Appellant's notice of

appeal does not satisfy the mailbox rule or the prisoner mailbox rule, the notice was untimely. Without timely notice of appeal, the court of appeals properly dismissed for want of jurisdiction.

**PROCEDURAL HISTORY**

Pursuant to a plea bargain, Appellant pleaded guilty to the offense of aggravated assault with a deadly weapon and was placed on eight years of deferred adjudication. On October 7, 2019, following the State's filing of a motion to proceed to adjudication, Appellant entered an open plea of true to the allegation in the motion. On October 7, 2019, the trial court found the allegation true, found Appellant guilty, and assessed punishment at eight years' imprisonment. The trial court certified that Appellant has the right to appeal.

Because Appellant did not file a motion for new trial, his notice of appeal deadline was November 6, 2019. Appellant mailed a letter from jail requesting an appeal. Although the letter was not dated, the envelope was postmarked November 4, 2019. The envelope was not addressed to the clerk, but instead, it was addressed to the convicting court; specifically: "Dallas County Court #265 133 N Riverfront blvd. Dallas Tx 75207 [sic]." The letter was not filed by the district clerk until December 2, 2019.

## APPEAL

A defendant perfects an appeal by filing with the trial court clerk, within thirty days after the date sentence was imposed, or within ninety days after sentencing if the defendant timely filed a motion for a new trial, a written notice of appeal showing his desire to appeal. *See* TEX. R. APP. P. 25.2(b), (c), 26.2(a), (b)). In the instant case, the Fifth Court of Appeals dismissed for lack of jurisdiction because the notice of appeal was due on November 6, 2019, but was not file-stamped by the clerk until December 2, 2019.

The intermediate court also held that Appellant was not entitled to the 10-day grace period provided by Rule 9.2 of the Texas Rules of Appellate Procedure, colloquially known as the "mailbox rule." This rule states that, a document received "within ten days after the filing deadline is considered timely filed if it was sent to the *proper clerk* by United States Postal Service or a commercial delivery service." TEX. R. APP. P. 9.2(b)(1)(A))(emphasis added). The court of appeals recognized that, although "proper clerk" is interpreted liberally[1], and includes an agent of the district clerk or the clerk of the correct court of appeals, this letter was not sent to a clerk or

---

[1] *See Taylor v. State*, 424 S.W.3d 39 (Tex. Crim. App. 2014)(holding that because the address to which appellant sent his notice of appeal was "sufficiently specific" for the document to be received in the proper place at the proper time, the notice of appeal was properly filed for purposes of the mailbox rule); *Moore v. State*, 840 S.W.2d 439 (Tex. Crim. App. 1992)(holding an envelope addressed to "Bond Forfeiture Clerk" is sufficient even though it did not specify district clerk or county clerk; therefore, the mailbox rule applied because the document showed who it was intended for and minor imperfections in the address should not deprive a prisoner of the grace period).

an agent of the clerk, it was instead sent to Dallas County Court #265. Because Appellant omitted the words "district clerk" or "clerk" from the address, the letter did not find its way to the district clerk until after the notice of appeal deadline. Therefore, the court of appeals held that Appellant's notice of appeal was untimely and dismissed the appeal for lack of jurisdiction.

## ANALYSIS

### The Mailbox Rule and the Prisoner Mailbox Rule

We granted review to determine whether an incarcerated defendant is entitled to the 10-day grace period for filing a notice of appeal if he omitted the words "district clerk" from the envelope he used to send his notice of appeal. Appellant contends that the court of appeals read Rule 9.2(b)(1)(A) too strictly, that the "proper clerk" language should be construed liberally, and that minor imperfections in the address should not deprive a *pro se* prisoner of the benefit of the mailbox rule, much like this Court's holding in *Moore v. State*, 840 S.W.2d 439 (Tex. Crim. App. 1992).

In *Moore*, the appellant filed a motion to appeal a final judgment upon forfeiture of an appearance bond for which Moore was the surety. Moore addressed the envelope to "Bond Forfeiture Clerk" instead of to the district clerk. This Court held that once Appellant's cost bond arrived in the receiving department of the Frank Crowley Courts Building, it was within the effective custody or control of the district clerk. *Moore*, 840 S.W.2d at 441. Therefore, we held the envelope was "sufficiently

specific" even though it did not specify the district clerk or the county clerk because the envelope showed who the document was intended for. *Id.* at 440.

In this case, Appellant contends that omitting the words "District Clerk" was a minor imperfection that would not prevent the chief clerk in the trial court from receiving the notice of appeal within the grace period. Appellant argues that he "generally" sent his notice to the district clerk and the face of the document states the court and cause number. Therefore, like *Moore*, he was entitled to the grace period to file notice of appeal.

Appellant's reliance on *Moore* is misplaced under both the mailbox rule (TEX. R. APP. P. 9.2(b)) and the equitable prisoner mailbox rule.[2] Under the prisoner mailbox rule, the pleadings of *pro se* inmates are deemed filed at the time they are delivered to prison authorities for forwarding to the court clerk. *Taylor v. State*, 424 S.W.3d 39, 44 (Tex. Crim. App. 2014). However, this Court has held that the prisoner mailbox rule is still subject to the requirements of Rule 9.2(b). *See Campbell v. State*, 320 S.W.3d 338, 342 (Tex. Crim. App. 2010).

Rule 9.2(b) has three requirements: (i) the notice was sent to the proper clerk by United States Postal Service or a commercial delivery service; (ii) the notice was placed in an envelope or wrapper properly addressed and stamped; and (iii) the

---

[2] Appellant's argument on appeal, and in the PDR, relies exclusively on the "mailbox rule" of 9.2(b)(1), which gives an additional ten days to anyone who files pleadings by mail. Although Appellant does not raise the prisoner mailbox rule, we will consider and discuss it.

notice was deposited in the mail or delivered to a commercial delivery service on or before the last day for filing.

(i)     Requirement One: "Proper Clerk"

In *Moore*, the Court held that an address is sufficient as long as it is generally addressed to the clerk. *Moore*, 840 S.W.2d at 440. Here, Appellant's notice was not "generally" addressed to the clerk. In fact, it was not addressed to the clerk at all, it was addressed to the trial court. Therefore, unlike in *Moore*, Appellant did not send his notice to the "proper clerk," much less any "clerk." Nor was Appellant's envelope addressed to an agent of the clerk. In *Moore*, this Court reasoned that "an employee who works in the [building's] receiving department . . . whose duties include processing and forwarding mail, can properly be considered an agent of the district clerk. Therefore, once [Moore's] cost bond arrived in the receiving department, it was within the effective custody or control of the district clerk." *Moore* at 441.

The facts in this case are distinguishable from *Moore* in that here, the envelope was not addressed to the district clerk or any other clerk. Instead, it was addressed to Dallas County Court #265. Even if the district clerk and the district court are located in the same building, as they were in *Moore*, the application of the rule in that case was not based on proximity, but rather based on the fact that the envelope was addressed to a clerk.  Regardless of the location of the district clerk in Dallas

County, the district clerks in the other 253 counties in Texas might not be in the same building as the district courts.

Further distinguishing this case from *Moore* is that the trial court is not an agent of the district clerk, and for good reason: judges are ethically prohibited from receiving *ex parte* communications from a party. Instead, it is the clerk that is responsible for maintaining records filed in the court. TEX. GOV'T CODE § 51.303. Relevant to these proceedings, the clerk is also responsible for forwarding a copy of the notice of appeal to the appellate court and for transmitting the clerk's record to the appellate court upon perfection of an appeal. *See* TEX. R. APP. P. 25.2(e); 35.3(a). Therefore, if a notice of appeal is not filed with the proper clerk, the clerk cannot fulfill his or her duties. Therefore, Rule 9.2(b)'s requirement of mailing to the proper clerk is essential and ensures fairness in the judicial proceeding.

(ii)     Requirement Two: "Properly Addressed"

In *Taylor*, the Appellant filed his notice of appeal in the court of appeals instead of with the clerk. Pursuant to Tex. R. App. P. 25.2(c)(1), the clerk of the court of appeals file-stamped the motion and forwarded the notice to the clerk of the convicting court.  This Court held that Taylor's notice of appeal arrived in the proper court within the window of time permitted under the mailbox rule, rendering it timely filed.

In the instant case, Appellant's envelope was not addressed to the court of appeals. If it had been, the intermediate court would have been mandated under the rules of appellate procedure to forward the notice of appeal to the trial court clerk. Instead, the envelope was addressed to the trial court.

Three intermediate courts that have addressed this issue have held that Rule 9.2 does not include mailing notice to an attorney, the trial court, or a trial judge. *Turner v. State*, 529 S.W.3d 157, 159 (Tex. App.—Texarkana 2017, no pet.); *Bowen v. State*, 05-19-01530-CR (Tex. App.—Dallas Mar. 3, 2020, no pet.); *Herrera v. State*, 04-19-00725-CR (Tex. App.—San Antonio July 22, 2020, no pet.). A strict reading of Rule 9.2(b)(1)(B), as the Fifth Court of Appeals did in this case, supports these holdings. Therefore, Appellant's envelope addressed to "Dallas County Court #265" is not properly addressed according to the plain language of Rule 9.2(b)(1)(B).

(iii)    Requirement Three: "In the mail before last day of filing"

Appellant complied with this last requirement. The record shows that Appellant's sentence was imposed on October 7, 2019, and no motion for new trial was held. Therefore, Appellant's notice of appeal was due by November 6, 2019. Appellant's *pro se* motion was postmarked on November 4, 2019, providing "conclusive proof" of the date of mailing. TEX. R. APP. P. 9.2(b)(2)(A). However, the use of the connector "and" in the rule requires that all three elements be present. Appellant has failed to comply with two of the three elements of the rule.

Appellant suggests that this Court ignore the first two requirements of Rule 9.2 and allow Appellant to avail himself of the mailbox rule simply because he mailed the notice of appeal prior to the deadline. Although our interpretation of Rule 9.2(b) is strict, it is not improper. And if mailing the document to the convicting court was not sufficient under Rule 9.2, then it also would not qualify under the common law "prisoner mailbox rule," assuming Appellant had raised such an argument.

One of the dissents opines that the Rules Committee should consider incorporating the prisoner mailbox rule into Rule 9.2(b). Dissenting Opinion by Judge Yeary, p. 5. This Court already did so in *Campbell* where we held:

> Like our sister courts, we decline to penalize a *pro se* inmate who timely delivers a document to the prison mailbox. We find the analysis of the United States Supreme Court in *Houston v. Lack*, 487 U.S. 266 (1988) to be compelling. We see no reason for this Court to hold contrarily to both the United States and Texas Supreme Courts. Therefore, we shall apply those considerations to an analogous situation, such as the present case. We hold that the pleadings of *pro se* inmates shall be deemed filed at the time they are delivered to prison authorities for forwarding to the court clerk.

*Campbell*, 320 S.W. 3d at 344. However, it is important to recognize that the litigant in *Campbell* properly addressed his notice to the correct clerk (specifically, the clerk of the specified Potter County district court).

Similarly, in *Houston v. Lack*, 487 U.S. 266 (1988), cited by this Court for authority in *Campbell*, the *pro se* inmate properly addressed his notice of appeal to the District Clerk in compliance with the requirements as set forth in provision 28

USCS 2107 (requiring a notice of appeal from the judgment of a Federal District Court in a civil case be filed within 30 days after the entry of that judgment) and Rule 4(a)(1) of the Federal Rules of Appellate Procedure (requiring that such a notice of appeal be filed with the clerk of the District Court). Likewise, the *pro se* litigants in the Texas Supreme Court cases cited by the dissent complied with Rule 9.2(b) and Rule 5 of the Texas Rules of Civil Procedure.  In *Ramos v. Richardson*, 228 S.W.3d 671, 673 (Tex. 2007), the record indicates the *pro se* inmate did everything necessary to comply with the rules by addressing his notice to the proper clerk. Similarly, in *Warner v. Glass*, 135 S.W.3d 681 (Tex. 2004) the Texas Supreme Court recognized that the *pro se* inmate otherwise complied with Rule 5 of the Texas Rules of Civil Procedure[3] by properly addressing the document and holding that "[O]nce a party has satisfied his duty to put a legal instrument in the custody and the control of the court clerk, he should not be penalized for errors made by the court clerk." *Id*. at 684–85.

In the above cited cases, the issue was error outside of the inmate's control: either clerical or postal system error, and the equitable decision was made that, since

---

[3] Rule 5 of the Texas Rules of Civil Procedure states: "If any document is sent *to the proper clerk* by first-class United States mail in an envelope or wrapper *properly addressed* and stamped and is deposited in the mail on or before the last day for filing same, the same, if received by the clerk not more than ten days tardily, shall be filed by the clerk and be deemed filed in time." (Emphasis added).

the *pro se* litigant complied with the applicable rules, there should be a tolling of the jurisdictional timeline.

The error here is different. In this case, the delay in the receipt of Appellant's notice of appeal by the proper clerk was caused by Appellant's failure to comply with Rule 9.2(b). Our holding in *Campbell* incorporated the prisoner mailbox rule into Rule 9.2; it did not abolish the inmate's compliance with the rule. Therefore, we decline to adopt both the dissent's opinions and Appellant's request that a *pro se* litigant need not follow Rule 9.2(b), which specifically designates with whom the notice should be filed. Without compliance with the rules, there is a greater potential for filings to get lost when they are mailed directly to the wrong recipient.

All of the above notwithstanding, Appellant argues that our strict application of the mailbox rule penalized him "on the bases that he lacked control over the county mail system and could not be present to assure that the clerk filed his tendered notice of appeal." Although the record did not contain direct evidence of the date on which the district court received the notice, his notice was stamped "filed" on December 2, 2019, 56 days after the court's judgment was entered. Appellant contends that he should be allowed to show that his envelope was received within ten days by the mailroom on behalf of the district clerk. Appellant suggests, in the interest of judicial economy, that this Court should abate the appeal to allow Appellant evidentiary

proceedings to show that his notice of appeal was timely received by the receiving department, if not by the district clerk.

What Appellant seeks here is not the supplementation of the record, but the creation of a new record. While Rule 34.5(c)(1) of the Texas Rules of Appellate Procedure would permit Appellant to supplement an appellate record with material that has been omitted from the appellate record, the rule does not permit Appellant to create a new appellate record. TEX. R. APP. P. 34.5(c)(1); *see also Solomon v. State*, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001); *see also Williams v. State*, 937 S.W.2d 479, 487 (Tex. Crim. App. 1996). Appellant's proper procedural vehicle for the development of facts regarding the date of receipt of his notice by the district clerk would be a writ of habeas corpus.

**CONCLUSION**

Because Appellant did not comply with the plain, unambiguous mailbox rule, he did not invoke the jurisdiction of the appellate court. We affirm the judgment of the court of appeals dismissing the appeal for lack of jurisdiction.

Delivered:    June 30, 2021

PUBLISH