OPINION

Nos. 04-06-00022-CR & 04-06-00023-CR

Richard VILLARREAL,

Appellant

v.

The STATE of Texas,

Appellee

From the 399th Judicial District Court, Bexar County, Texas

Trial Court Nos. 2004-CR-7230 & 2004-CR-6801 

Honorable Juanita Vasquez-Gardner, Judge Presiding


Opinion by: Sarah B. Duncan , Justice

Sitting: Sarah B. Duncan, Justice 

 Karen Angelini, Justice

 Sandee Bryan Marion, Justice

Delivered and Filed: May 3, 2006

APPEAL RETAINED ON DOCKET

 Richard Villarreal entered open pleas of nolo contendere to being a felon in possession of a firearm in Cause No.
2004-CR-7230 and to aggravated robbery in Cause No. 2004-CR-6801 and pleaded true to the State's enhancement
allegation in each cause. The trial court found Villarreal guilty and, on November 28, 2005, imposed a sentence of twenty
years imprisonment in Cause No. 2004-CR-7230 and forty years in Cause No. 2004-CR-6801, to run concurrently.
Villarreal did not file a motion for new trial in either cause; therefore, his notices of appeal were due December 28, 2005, or
the notices of appeal and a motion for extension of time were due fifteen days later, on January 12, 2006. Tex. R. App. P.
26.2(a)(1), 26.3. Villarreal did not file a motion for extension of time to file his notices of appeal. However, each of the
clerk's records contains a pro se notice of appeal file-marked by the clerk on January 4, 2006. (1) Each record also contains a
copy of the envelope in which the notices were mailed; the envelope bears a postmark of January 3, 2006. Because a timely
filed notice of appeal is required to invoke this court's appellate jurisdiction, we ordered Villarreal to show cause why the
appeal should not be dismissed for want of jurisdiction.See Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).

 Villarreal filed a response and an unsworn declaration (2) stating that he prepared the notices of appeal while in
administrative segregation in the Bexar County Adult Detention Center. Because he was in administrative segregation he
did not have "normal privileges." According to Villarreal, he gave the envelope containing the notices of appeal to jail
authorities for mailing on December 26, 2005. The envelope was correctly addressed to the Bexar County District Clerk's
office and properly stamped. Villarreal further states that it is his practice when he writes mail from inside a jail or prison to
write on the back of the envelope the date of mailing and the number of pages inside the envelope. The copies of the
envelope in the clerk's records indicate the number of pages inside and contain a partially obliterated handwritten date; the
visible part is "26-05." Villarreal asks that we hold his notices of appeal were timely filed "given his complete lack of
control over what occurred after he left the envelope containing the notice[s] of appeal with the proper authorities at the
jail."

 Under Texas Rule of Appellate Procedure 9.2(b), a pleading is considered timely filed if it is placed in a stamped envelope,
correctly addressed to the proper clerk, deposited in the United States mail on or before the last day of filing, and received
within ten days after the filing deadline. Tex. R. App. P. 9.2(b). In civil cases, "a pro se inmate's claim under section 14.004
of the Inmate Litigation Act is deemed filed at the time the prison authorities duly receive the document to be mailed." 
Warner v. Glass, 135 S.W.3d 681, 684 (Tex. 2004). The court reached this conclusion because a pro se litigant should not
be "penalize[d] for failing to obtain a postmark or a file-stamp when the litigant has timely placed the document in the
prison mail system, the only delivery system to which he or she has access." Id. We know of no reason why an inmate
attempting to exercise his right to appeal a criminal conviction should not be afforded the same consideration. 

 Here, had Villarreal been able to place his notices of appeal in a United States mailbox on December 26, they would have
been considered timely filed under Rule 9.2(b)'s "mailbox rule" because they were received by the clerk within ten days of
the filing deadline. See id.; Moore v. State, 840 S.W.2d 439, 440 (Tex. Crim. App. 1992) (applying former Rule of
Appellate Procedure 4(b), the predecessor to Rule 9.2(b)). However, the envelope was not placed in the mail by jail
authorities or postmarked until January 3, 2006 for reasons beyond Villarreal's control. Pursuant toWarner, we hold that
Villarreal timely filed his notices of appeal by delivering them in a properly-addressed envelope to jail authorities on or
before the filing deadline. We therefore retain these appeals on the court's docket.

 Sarah B. Duncan , Justice

Publish

1. In Cause No. 2004-CR-7230, Villarreal's appointed trial attorney's motion to withdraw was granted on December 8,
2005. The record does not contain a motion to withdraw in Cause No. 2004-CR-6801; however, the docket sheet contains
the trial judge's November 28, 2005 notation that an appellate attorney would be appointed for Villarreal. The Bexar County
Appellate Public Defender was appointed on January 10, 2006 to represent Villarreal.

2. See Tex. Civ. Prac. & Rem. Code Ann. § 132.001 et seq. (Vernon 2005).