*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

# MEMORANDUM OPINION

No. 04-09-00019-CR

Felipe Aguilar **VILLANUEVA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2005-CR-8864
Honorable Mary Roman, Judge Presiding

PER CURIAM

Sitting: Catherine Stone, Chief Justice
    Steven C. Hilbig, Justice
    Marialyn Barnard, Justice

Delivered and Filed: February 18, 2009

DISMISSED FOR LACK OF JURISDICTION

The trial court imposed sentence on September 22, 2008, and appellant filed a timely motion for new trial. The deadline for filing a notice of appeal was therefore December 22, 2008. *See* TEX. R. APP. P. 26.2(a)(1). A notice of appeal was not filed until December 24, 2008. The certificate of service on the notice of appeal to the Bexar County District Attorney's Office is dated December 19, 2009. However, it does not indicate whether the notice of appeal was filed with the clerk's office by mail and the record does not contain a copy of an envelope bearing a postmark. *See Villareal v.*

*State*, 199 S.W.3d 30 (Tex. App.—San Antonio 2006, order), *disp. on merits*, No. 04-06-00022-CR, 2007 WL 120625 (Tex. App.—San Antonio Jan. 19, 2007, pet. ref'd) (holding inmate's notice of appeal was timely filed when delivered in properly-addressed envelope to jail authorities on or before due date and received by clerk within ten days of filing deadline); TEX. R. APP. P. 9.2.  Appellant did not file a timely motion for extension of time to file the notice of appeal. *See* TEX. R. APP. P. 26.3.

Because the notice of appeal in this case appeared to be untimely, we issued a show cause order on January 16, 2009, ordering appellant to file a response establishing that the notice of appeal was timely filed by mail, or showing cause why the appeal should not be dismissed for want of jurisdiction.  *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (holding timely notice of appeal is necessary to invoke court of appeal's jurisdiction).  In response, appellant's appointed counsel filed a letter stating that after reviewing the record and speaking with the trial court's clerks, he is "unable to show cause why this appeal should not be dismissed for want of jurisdiction."

Accordingly, because appellant has failed to establish the notice of appeal was timely filed, we lack jurisdiction to entertain the appeal.  *See id.*; *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex. Crim. App. 1991) (explaining that writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure governs out-of-time appeals from felony convictions).

Accordingly, we dismiss this appeal for want of jurisdiction.


PER CURIAM

Do not publish