NO. 07-09-0074-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 15, 2009

______________________________


JAMES LYNN CAMPBELL,

                                                                                                 Appellant

v.

THE STATE OF TEXAS,

                                                                                                 Appellee

_________________________________

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 57,233-A; HON. HAL MINER, PRESIDING
                                      _______________________________

                                                          Dismissal
_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
          James Lynn Campbell appeals from his conviction of possession of a controlled
substance. By letter dated March 20, 2009, we informed appellant that it appeared his
notice of appeal was untimely and he had ten days to provide us with any information that
would be necessary to our determination of jurisdiction. Appellant responded by informing
us that the mailbox rule would be sufficient to establish that jurisdiction. 
          Sentence was imposed on November 18, 2008. Appellant then had thirty days in
which to file a motion for new trial. Tex. R. App. P. 21.4(a). His pro se motion for new trial 
was not filed until December 31, 2008, and his pro se notice of appeal was filed on March
3, 2009. If appellant’s motion for new trial was untimely, then so was his notice of appeal.
Tex. R. Civ. P. 26.2 (extending the time for filing a notice of appeal if a motion for new trial
is filed).



          The mailbox rule provides that any document sent to the proper clerk by first class
postage in an envelope properly addressed and stamped is timely if deposited in the mail
on or before the last day for filing and received by the clerk not more than ten days late. 
Tex. R. Civ. P. 5. 


 In civil cases, filing by an indigent inmate is deemed complete when
given to prison authorities. Warner v. Glass, 135 S.W.3d 681, 684 (Tex. 2004). This rule
has been extended to indigent criminal defendants who are acting pro se. See Villarreal
v. State, 199 S.W.3d 30, 31 (Tex. App.–San Antonio 2006, no pet.). Appellant’s certificate
of mailing indicates that he gave the motion for new trial to prison authorities on December 
18, 2008, thereby meeting the first portion of the mailbox rule. However, the file-stamp
date of the district clerk is December 31, 2008. Appellant has not provided us with
anything nor have we found anything in the record indicating that it was received by the
clerk within ten days of December 18 as required by Rule 5.


 That being so, the mailbox
rule is unavailing to appellant. 
          Accordingly, because the notice of appeal was untimely filed, we dismiss for want
of jurisdiction.


 
            
                                                                           Brian Quinn 
                                                                          Chief Justice
 
Do not publish.