NO. 07-09-0074-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 15, 2009

_____

JAMES LYNN CAMPBELL,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 57,233-A; HON. HAL MINER, PRESIDING

_____

*Dismissal*

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

James Lynn Campbell appeals from his conviction of possession of a controlled substance. By letter dated March 20, 2009, we informed appellant that it appeared his notice of appeal was untimely and he had ten days to provide us with any information that would be necessary to our determination of jurisdiction. Appellant responded by informing us that the mailbox rule would be sufficient to establish that jurisdiction.

Sentence was imposed on November 18, 2008.  Appellant then had thirty days in which to file a motion for new trial.  TEX. R. APP. P. 21.4(a).  His *pro se* motion for new trial was not filed until December 31, 2008, and his *pro se* notice of appeal was filed on  March 3, 2009.  If appellant's motion for new trial was untimely, then so was his notice of appeal.  TEX. R. CIV. P. 26.2 (extending the time for filing a notice of appeal if a motion for new trial is filed).[1]

The mailbox rule provides that any document sent to the proper clerk by first class postage in an envelope properly addressed and stamped is timely if deposited in the mail on or before the last day for filing and received by the clerk not more than ten days late.  TEX. R. CIV. P. 5. [2]  In civil cases, filing by an indigent inmate is deemed complete when given to prison authorities. *Warner v. Glass,* 135 S.W.3d 681, 684 (Tex. 2004).  This rule has been extended to indigent criminal defendants who are acting *pro se*.  *See Villarreal v. State,* 199 S.W.3d 30, 31 (Tex. App.–San Antonio 2006, no pet.).  Appellant's certificate of mailing indicates that he gave the motion for new trial to prison authorities on December 18, 2008, thereby meeting the first portion of the mailbox rule.  However, the file-stamp date of the district clerk is December 31, 2008.  Appellant has not provided us with anything nor have we found anything in the record indicating that it was received by the

---

[1]Appellant also relies upon the mailbox rule to show that his *pro se* notice of appeal was timely.  The certificate of service shows it was delivered to prison authorities on February 12, 2009.

[2]A legible postmark affixed by the United States Postal Service is prima facie evidence of the date of mailing.  TEX. R. CIV. P. 5.  Here, the postmark is not legible.

clerk within ten days of December 18 as required by Rule 5.[3] That being so, the mailbox rule is unavailing to appellant.

Accordingly, because the notice of appeal was untimely filed, we dismiss for want of jurisdiction.[4]

Brian Quinn
Chief Justice

Do not publish.

---

[3]The deadline would be December 28, which was a Sunday, so the deadline would be extended to December 29.

[4]The appropriate vehicle for seeking an out-of-time appeal from a final felony conviction is by writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2008).