COURT OF APPEALS

                                                 SECOND DISTRICT
OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-10-088-CR

 

 

ALAN LESLIE
BALDERAMOS                                                            APPELLANT

A/K/A
ALAN BALDERAMOS

                                                             V.

 

THE STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

              FROM
THE 372ND DISTRICT COURT OF TARRANT COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------

On
December 3, 2009, the trial court sentenced appellant to ten years=
confinement after adjudicating him guilty of aggravated assault with a deadly
weapon upon his open plea of Atrue,
but.@  In a letter postmarked February 1, 2010 and
received by the trial court February 26, 2010, appellant stated, AI am
acting as my own attorney >pro-se= and
filing an appeal on cause #1090421D.@[2]  He also asked for a copy of the appellate
record.  Appellant had not filed a motion
for new trial.








On
March 10, 2010, this court informed appellant of its concern that it does not
have jurisdiction over this appeal because the notice of appeal was not timely
filed.  See Tex. R. App. P.
26.2(a)(1), 26.3.  Appellant responded
with a letter in which he contended that he mailed copies of a notice of appeal
to this court, the trial court, and the district attorney=s
office; he attached a Acarbon copy@ of
the notice of appeal he claims to have mailed. 
The certificate of service reads as follows:

I Alan Balderamos do hereby certify
that the true and correct copy of the above and foregoing Notice of Appeal has
been forwarded by United States Mail, postage prepaid first class to Thomas A.
Wilder and to the D.A. Joe Shannon[[3]]
this 7th day of December 2009.

 

There is no date stamp from
the district clerk=s office on the attached
notice, nor is there any other proof of mailing.

Neither
this court nor the district clerk=s
office has a record of receiving the notice of appeal appellant claims to have
mailed on December 7, 2009, which would have been timely if it had been mailed
and received in accordance with rule 9.2(b). 
Tex. R. App. P. 9.2(b); Villarreal v. State, 199 S.W.3d 30, 31B32
(Tex. App.CSan
Antonio 2006, order).  However, we cannot
deem the attached notice of appeal timely filed under rule 9.2(b) because even
if it was properly mailed, it was not received within ten days of mailing.  Tex. R. App. P. 9.2(b)(1); see In re
S.A.B., No. 12-03-00151-CV, 2003 WL 21500332, at *2 (Tex. App.CTyler
Jun. 30, 2003, no pet.) (mem. op.) (citing Stokes v. Aberdeen Ins. Co.,
917 S.W.2d 267, 268 (Tex. 1996)).








Accordingly,
we must dismiss this appeal for want of jurisdiction.[4]  See Tex. R. App. P. 26.2(a), 43.2(f); Slaton
v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).[5]

 

PER CURIAM

 

 

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  April 29, 2010











[1]See Tex. R. App. P. 47.4.





[2]Appellant was
represented at trial by retained counsel.





[3]The name AJoe Shannon@ appears to be an
alteration.





[4]Moreover, we note
that appellant and his counsel both signed a AWaiver of Rights to
Appeal Community Supervision Revocation,@ which appears to have been executed after
the trial court pronounced appellant=s sentence. 
See Monreal v. State, 99 S.W.3d 615, 616, 622B23 (Tex. Crim. App.
2003).  Thus, even if we had jurisdiction over this appeal, we would
nevertheless have to dismiss it.  See
id.





[5]Appellant is not
without a remedy in that he may attempt to seek habeas relief to file an out of
time notice of appeal.  See Tex.
Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2009); Ex parte Garcia,
988 S.W.2d 240, 240B41 (Tex. Crim. App.
1999).