

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**

**FORT WORTH**

## NO. 2-10-088-CR

ALAN LESLIE BALDERAMOS                                                                                   APPELLANT
A/K/A ALAN BALDERAMOS

V.

THE STATE OF TEXAS                                                                                              STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

On December 3, 2009, the trial court sentenced appellant to ten years' confinement after adjudicating him guilty of aggravated assault with a deadly weapon upon his open plea of "true, but." In a letter postmarked February 1, 2010 and received by the trial court February 26, 2010, appellant stated, "I am acting as my own attorney 'pro-se' and filing an appeal on cause #1090421D."[2] He also asked for a copy of the appellate record. Appellant had not filed a motion for new trial.

---

[1] *See* Tex. R. App. P. 47.4.

[2] Appellant was represented at trial by retained counsel.

On March 10, 2010, this court informed appellant of its concern that it does not have jurisdiction over this appeal because the notice of appeal was not timely filed. *See* Tex. R. App. P. 26.2(a)(1), 26.3. Appellant responded with a letter in which he contended that he mailed copies of a notice of appeal to this court, the trial court, and the district attorney's office; he attached a "carbon copy" of the notice of appeal he claims to have mailed. The certificate of service reads as follows:

> I Alan Balderamos do hereby certify that the true and correct copy of the above and foregoing Notice of Appeal has been forwarded by United States Mail, postage prepaid first class to Thomas A. Wilder and to the D.A. Joe Shannon[3] this 7th day of December 2009.

There is no date stamp from the district clerk's office on the attached notice, nor is there any other proof of mailing.

Neither this court nor the district clerk's office has a record of receiving the notice of appeal appellant claims to have mailed on December 7, 2009, which would have been timely if it had been mailed and received in accordance with rule 9.2(b). Tex. R. App. P. 9.2(b); *Villarreal v. State*, 199 S.W.3d 30, 31–32 (Tex. App.—San Antonio 2006, order). However, we cannot deem the attached notice of appeal timely filed under rule 9.2(b) because even if it was properly mailed, it was not received within ten days of mailing. Tex. R. App. P. 9.2(b)(1); *see In re S.A.B.*, No. 12-03-00151-CV, 2003 WL 21500332, at *2 (Tex. App.—Tyler Jun. 30, 2003, no pet.) (mem. op.) (citing *Stokes v. Aberdeen Ins. Co.*, 917 S.W.2d 267, 268 (Tex. 1996)).

---

[3] The name "Joe Shannon" appears to be an alteration.

Accordingly, we must dismiss this appeal for want of jurisdiction.[4]  *See* Tex. R. App. P. 26.2(a), 43.2(f); *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).[5]


PER CURIAM


PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  April 29, 2010

---

[4] Moreover, we note that appellant and his counsel both signed a "Waiver of Rights to Appeal Community Supervision Revocation," which appears to have been executed after the trial court pronounced appellant's sentence.  *See Monreal v. State*, 99 S.W.3d 615, 616, 622–23 (Tex. Crim. App. 2003).  Thus, even if we had jurisdiction over this appeal, we would nevertheless have to dismiss it.  *See id*.

[5] Appellant is not without a remedy in that he may attempt to seek habeas relief to file an out of time notice of appeal.  *See* Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2009); *Ex parte Garcia*, 988 S.W.2d 240, 240–41 (Tex. Crim. App. 1999).