Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio





# MEMORANDUM OPINION

No. 04-11-00730-CR

James Clayton **KELLY**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2010CR2879A
Honorable Ron Rangel, Judge Presiding

PER CURIAM

Sitting:       Catherine Stone, Chief Justice
                Karen Angelini, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  November 30, 2011

DISMISSED FOR LACK OF JURISDICTION

The trial court imposed sentence on August 26, 2011, and appellant did not file a motion for new trial. The deadline for filing a notice of appeal was therefore September 26, 2011, thirty days from the date sentence was imposed. *See* TEX. R. APP. P. 26.2(a)(1). A notice of appeal was not filed until October 4, 2011. Appellant did not file a timely motion for extension of time to file the notice of appeal. *See* TEX. R. APP. P. 26.3. Because it appeared the notice of appeal

was not timely filed, we issued a show cause order on October 7, 2011, which stated in pertinent part:

> A notice of appeal may appear to be late if filed by mail pursuant to Rule 9.2(b) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 9.2; *Moore v. State*, 840 S.W.2d 439 (Tex. Crim. App. 1992) (applying mailbox rule to filing of cost bond in appeal of criminal case); *Villarreal v. State*, 199 S.W.3d 30 (Tex. App.— San Antonio, 2006, order), *disp. on merits*, 2007 WL 120625 (No. 04-06-00022-CR, Tex. App.—San Antonio, Jan. 19, 2007, pet. ref'd) (holding inmate's notice of appeal was timely filed when delivered in a properly-addressed envelope to jail authorities on or before the due date and received by clerk within ten days of filing deadline). The certificate of service of the notice on the District Attorney's Office is dated October 4, 2011. However, the notice of appeal does not indicate whether it was filed with the clerk's office by mail and the record does not contain a copy of an envelope bearing a postmark.

> We therefore **ORDER** appellant to file a response on or before **October 27, 2011**, establishing that the notice of appeal was timely filed by mail or otherwise showing cause why this appeal should not be dismissed for want of jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (holding that timely notice of appeal is necessary to invoke court of appeals' jurisdiction). If appellant fails to satisfactorily respond within the time provided, the appeal will be dismissed. If a supplemental clerk's record is required to show jurisdiction, appellant must ask the trial court clerk to prepare one and must notify the clerk of this court that such a request was made.

Appellant did not file a response. Therefore, because the notice of appeal in this case was not timely filed, we lack jurisdiction to entertain the appeal. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex. Crim. App. 1991) (explaining that writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure governs out-of-time appeals from felony convictions). Accordingly, we dismiss this appeal for want of jurisdiction.

PER CURIAM

DO NOT PUBLISH