

# Fourth Court of Appeals
## San Antonio, Texas

June 30, 2014

No. 04-14-00339-CR and 04-14-00340-CR

Eddie **VASQUEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2014CR0910 and 2013CR11644
Honorable Mary D. Roman, Judge Presiding

## O R D E R

The trial court imposed sentences in these appeals on March 20, 2014, and appellant did not file a motion for new trial. Because appellant did not file a timely motion for new trial, the deadline for filing a notice of appeal was April 22, 2014. *See* TEX. R. APP. P. 26.2(a)(1). A notice of appeal was not filed until April 24, 2014, and appellant did not file a motion for extension of time to file the notice of appeal. *See* TEX. R. APP. P. 26.3.

A notice of appeal may appear to be late if filed by mail pursuant to Rule 9.2(b) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 9.2; *Moore v. State*, 840 S.W.2d 439 (Tex. Crim. App. 1992) (applying mailbox rule to filing of cost bond in appeal of criminal case); *Villarreal v. State*, 199 S.W.3d 30 (Tex. App.—San Antonio 2006, order), *disp. on merits*, No. 04-06-00022-CR, 2007 WL 120625 (Tex. App.—San Antonio Jan. 19, 2007, pet. ref'd) (holding inmate's notice of appeal was timely filed when delivered in a properly-addressed envelope to jail authorities on or before the due date and received by clerk within ten days of filing deadline). The certificate of service of the notice on the Bexar County District Attorney's Office is dated April 17, 2014. However, the notice of appeal does not indicate whether it was filed with the clerk's office by mail and the record does not contain a copy of an envelope bearing a postmark.

Based on the foregoing, we ordered appellant to file a written response in this court] establishing that the notice of appeal was timely filed by mail or otherwise showing cause why these appeals should not be dismissed for want of jurisdiction. *See* *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (holding that timely notice of appeal is necessary to invoke court of appeals' jurisdiction). We advised appellant that if a supplemental clerk's record is

required to show jurisdiction, appellant must ask the trial court clerk to prepare one and must notify the clerk of this court that such a request was made.

In response, appellant filed a document in which he states his counsel inspected the clerk's record and found envelopes in which the notices of appeal had been sent to both this court and the district clerk. According to counsel, both envelopes were postmarked April 22, 2014, which would make the notices of appeal timely. Per our order, appellant stated he filed a written request with the district clerk asking that the record be supplemented to include the envelopes in question. However, we have not received a supplemental clerk's record containing the documents.

Based on appellant's assertions regarding the envelopes, we **ORDER** the district clerk to file a supplemental clerk's record with this court on or before **July 10, 2014**, containing both notices of appeal with the envelopes in which they were mailed and appellant's motion requesting the supplemental clerk's record.

In addition to the jurisdictional issue, we noted appellant entered into a plea bargain with the State in each of these cases, pursuant to which appellant pleaded guilty to the offenses of "credit/debit card abuse (repeater)." As part of his plea bargain, appellant signed separate "Waivers of Appeal" that state:

> I understand that upon my plea of guilty or nolo contendere, where the punishment does not exceed that recommended by the prosecutor and agreed to by me, my right to appeal will be limited to only: (1) those matters that were raised by written motion filed and ruled on before trial, or (2) other matters on which the trial court gives me permission to appeal. I understand that I have this limited right to appeal. However, as part of my plea bargain agreement in this case, I knowingly and voluntarily waive my right to appeal under (1) and (2) in exchange for the prosecutor's recommendation, provided that the punishment assessed by the court does not exceed our agreement.

The trial court imposed sentence in accordance with the agreements and signed certificates stating in each cases that this "is a plea-bargain case, and the defendant has NO right of appeal." and "the defendant has waived the right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). The clerk's records, which each include the trial court's rule 25.2(a)(2) certifications and written plea bargain agreements, have been filed. *See* TEX. R. APP. P. 25.2(d). We noted that this court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.*

The clerk's records establish the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. Ordinarily, "[i]n a plea bargain case . . . a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." TEX. R. APP. P. 25.2(a)(2). However, when a defendant waives this limited right to appeal, the defendant may appeal only if the trial court later gives its express permission. *See Willis v. State*, 121 S.W.3d 400, 403 (Tex. Crim. App. 2003); *Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003). The clerk's records do not indicate the trial court gave appellant permission to appeal in either case. The trial court's certifications therefore appear to accurately reflect that this is a plea bargain case, appellant does not have a right to appeal, and appellant waived any limited right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate).

Accordingly, we advised appellant that these appeals would be dismissed pursuant to rule 25.2(d) of the Texas Rules of Appellate Procedure unless written consents to appeal and amended certifications showing that appellant has the right to appeal in each case were made part of the appellate records. *See* TEX. R. APP. P. 25.2(d); 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order), *disp. on merits*, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (not designated for publication).

In his response to our order, appellant advises that his counsel has filed a Request for Permission to Appeal and requested the trial court file amended certifications. Appellant's counsel advises that he has requested that his motions, the permission to appeal, and amended certifications be included in a supplemental clerk's record and filed in this court. As noted above, we have not received a supplemental clerk's record nor have we been advised by the trial court or counsel that the trial court intends to grant permission to appeal or amend the certifications. Accordingly, with regard to the permission to appeal and any amended certifications, we **ORDER** appellant to file in this court on or before **July 10, 2014** a status report showing what actions, if any, the trial court has taken with regard to appellant's requests, as well as what additional actions appellant's counsel has taken in an effort to determine if the trial court intends to grant the request or deny it.

All appellate deadlines remain suspended until further order of the court. We further **order** the clerk of this court to serve copies of this order on all counsel, the district clerk, the court reporter, and the trial court.

Marialyn Barnard, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 30th day of June, 2014.

Keith E. Hottle
Clerk of Court