

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

Nos. 04-14-00339-CR &
04-14-00340-CR

Eddie **VASQUEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2014CR0910 & 2013CR11644
Honorable Mary D. Roman, Judge Presiding

PER CURIAM

Sitting:     Marialyn Barnard, Justice
              Rebeca C. Martinez, Justice
              Patricia O. Alvarez, Justice

Delivered and Filed:  July 23, 2014

DISMISSED

Pursuant to a plea bargain agreement, appellant Eddie Vasquez pleaded guilty to the offenses of "credit/debit card abuse (repeater)." As part of his plea-bargain, appellant signed separate "Waivers of Appeal." The trial court imposed sentence and signed certificates in each case stating that this "is a plea-bargain case, and the defendant has NO right of appeal" and "the defendant has waived the right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). Appellant timely filed

notices of appeal.[1] The clerk's records, which include the plea bargain agreements and the trial court's Rule 25.2(a)(2) certifications, have been filed. *See* TEX. R. APP. P. 25.2(d). This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.* Moreover, when a defendant waives this limited right to appeal, the defendant may appeal only if the trial court later gives its express permission. *See Willis v. State*, 121 S.W.3d 400, 403 (Tex. Crim. App. 2003); *Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003).

Accordingly, we advised appellant that these appeals would be dismissed pursuant to rule 25.2(d) of the Texas Rules of Appellate Procedure unless written consents to appeal and amended certifications showing that appellant has the right to appeal in each case were made part of the appellate record. *See* TEX. R. APP. P. 25.2(d); 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order), *disp. on merits*, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (not designated for publication).

---

[1] When the clerk's records were initially filed, we noted the trial court imposed sentences in these appeals on March 20, 2014, and appellant did not file a motion for new trial. Because appellant did not file a timely motion for new trial, the deadline for filing a notice of appeal was April 22, 2014. *See* TEX. R. APP. P. 26.2(a)(1). Notices of appeal were not filed until April 24, 2014, and appellant did not file motions for extension of time to file the notices of appeal. *See* TEX. R. APP. P. 26.3. Thus, it appeared the notices of appeal were untimely. We recognized that a notice of appeal may appear to be late if filed by mail pursuant to Rule 9.2(b) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 9.2; *Moore v. State*, 840 S.W.2d 439 (Tex. Crim. App. 1992) (applying mailbox rule to filing of cost bond in appeal of criminal case); *Villarreal v. State*, 199 S.W.3d 30 (Tex. App.—San Antonio 2006, order), *disp. on merits*, No. 04-06-00022-CR, 2007 WL 120625 (Tex. App.—San Antonio Jan. 19, 2007, pet. ref'd) (holding inmate's notice of appeal was timely filed when delivered in a properly-addressed envelope to jail authorities on or before the due date and received by clerk within ten days of filing deadline). The certificate of service of the notices on the Bexar County District Attorney's Office is dated April 17, 2014. However, the notices of appeal did not indicate whether they were filed with the clerk's office by mail and the record does not contain a copy of an envelope bearing a postmark. We therefore we ordered appellant to file a written response in this court establishing that the notices of appeal were timely filed by mail or otherwise showing cause why these appeals should not be dismissed for want of jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (holding that timely notice of appeal is necessary to invoke court of appeals' jurisdiction). In response, appellant's counsel advised that he inspected the clerk's records and found the envelopes in which the notices of appeal had been mailed to both this court and the district clerk. According to counsel, both envelopes were postmarked April 22, 2014, which would render the notices of appeal timely. On July 17, 2014, we received supplemental clerk's records containing the envelopes referred to by appellant's counsel, and they do indeed establish the notices of appeal were placed in the mail on April 22, 2014. Accordingly, the notices were timely pursuant to the mailbox rule and applicable case law. We therefore hold we have jurisdiction over these appeals.

In his response to our order, appellant advised that his counsel filed a Request for Permission to Appeal and requested the trial court file amended certifications. However, on July 10, 2014, appellant's counsel filed a status report in this court in which he advised that appellant's Request for Permission to Appeal was denied by the trial court, and the trial court also declined to amend the certifications.

Therefore, after reviewing the record and counsel's status report, we agree that appellant does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate). We therefore dismiss these appeals. TEX. R. APP. P. 25.2(d).

PER CURIAM

Do Not Publish