

# Fourth Court of Appeals
## San Antonio, Texas

July 31, 2015

No. 04-15-00467-CR

Abel **OYERVIDES**,
Appellant

v.

**THE STATE OF TEXAS**,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2012CR4803
Honorable Ray Olivarri, Judge Presiding

## O R D E R

The trial court imposed sentence on May 28, 2015, and appellant did not file a motion for new trial. Therefore, the notice of appeal was due June 29, 2015, or the notice and a motion for extension of time to file, were due fifteen days later on July 15, 2015.[1] *See* TEX. R. APP. P. 26.2(a)(1), 26.3. The record contains a notice of appeal file stamped July 15, 2015, but appellant did not file a motion for extension of time to file the notice of appeal. *See* TEX. R. APP. P. 26.3.

A notice of appeal may appear to be late if filed by mail pursuant to Rule 9.2(b) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 9.2; *Moore v. State*, 840 S.W.2d 439 (Tex. Crim. App. 1992) (applying mailbox rule to filing of cost bond in appeal of criminal case); *Villarreal v. State*, 199 S.W.3d 30 (Tex. App.—San Antonio 2006, order), *disp. on merits*, No. 04-06-00022-CR, 2007 WL 120625 (Tex. App.—San Antonio Jan. 19, 2007, pet. ref'd) (holding inmate's notice of appeal was timely filed when delivered in a properly-addressed envelope to jail authorities on or before the due date and received by clerk within ten days of filing deadline). In this case, however, the unsworn declaration signed by appellant and included in the envelope with appellant's notice of appeal is dated July 6, 2015, beyond the due date for the notice of appeal. Thus, it appears from the record before us that appellant did not deliver his notice of

---

[1] Technically, the notice was due June 27, 2015 — thirty days from the date of judgment — but the 27th was a Saturday, and therefore, the notice was not due until the next Monday. *See* TEX. R. APP. P. 4.1(a) (stating that if last day of period prescribed by appellate rules is a Saturday, Sunday, or legal holiday, the period extends to the end of the next day that is not a Saturday, Sunday, or legal holiday).

appeal to jail authorities on or before June 29, 2015, and therefore, Rule 9.2 will not provide appellant with relief in this case.

We therefore **ORDER** appellant to file a written response in this court on or before **August 31, 2015** showing cause why this appeal should not be dismissed for want of jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (holding that timely notice of appeal is necessary to invoke court of appeals' jurisdiction). If appellant fails to satisfactorily respond within the time provided, the appeal will be dismissed. If a supplemental clerk's record is required to show jurisdiction, appellant must ask the district clerk to prepare one and must notify the clerk of this court that such a request was made. All deadlines in this matter are suspended until further order of the court.

_____
Marialyn Barnard, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 31st day of July, 2015.

_____
Keith E. Hottle
Clerk of Court