

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00467-CR

Abel **OYERVIDES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2012CR4803
Honorable Ray Olivarri, Judge Presiding

PER CURIAM

Sitting:      Marialyn Barnard, Justice
             Rebeca C. Martinez, Justice
             Patricia O. Alvarez, Justice

Delivered and Filed:  September 16, 2015

APPEAL DISMISSED FOR WANT OF JURISDICTION

The trial court imposed sentence on May 28, 2015, and appellant did not file a motion for new trial. Therefore, the notice of appeal was due June 29, 2015, or the notice and a motion for extension of time to file, were due fifteen days later on July 15, 2015.[1]  *See* TEX. R. APP. P.

---

[1] Technically, the notice was due June 27, 2015 — thirty days from the date of judgment — but the 30th was a Saturday, and therefore, the notice was not due until the next Monday. *See* TEX. R. APP. P. 4.1(a) (stating that if last day of period prescribed by appellate rules is a Saturday, Sunday, or legal holiday, the period extends to the end of the next day that is not a Saturday, Sunday, or legal holiday).

26.2(a)(1), 26.3.  The record contains a notice of appeal file stamped July 15, 2015, but appellant did not file a motion for extension of time to file the notice of appeal.  *See* TEX. R. APP. P. 26.3.

A notice of appeal may appear to be late if filed by mail pursuant to Rule 9.2(b) of the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 9.2;  *Moore v. State*, 840 S.W.2d 439 (Tex. Crim. App. 1992) (applying mailbox rule to filing of cost bond in appeal of criminal case); *Villarreal v. State*, 199 S.W.3d 30 (Tex. App.—San Antonio 2006, order), *disp. on merits*, No. 04-06-00022-CR, 2007 WL 120625 (Tex. App.—San Antonio Jan. 19, 2007, pet. ref'd) (holding inmate's notice of appeal was timely filed when delivered in a properly-addressed envelope to jail authorities on or before the due date and received by clerk within ten days of filing deadline).  In this case, however, the unsworn declaration signed by appellant and included in the envelope with appellant's notice of appeal is dated July 6, 2015, beyond the due date for the notice of appeal. Thus, it appears from the record before us that appellant did not deliver his notice of appeal to jail authorities on or before June 29, 2015, and therefore, Rule 9.2 will not provide appellant with relief in this case.

We therefore ordered appellant to file a written response in this court showing cause why this appeal should not be dismissed for want of jurisdiction.  *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (holding that timely notice of appeal is necessary to invoke court of appeals' jurisdiction).  We advised appellant that if he failed to satisfactorily respond, the appeal would be dismissed.  We further advised appellant that if a supplemental clerk's record is required to show jurisdiction, he was required to ask the district clerk to prepare one.  Appellant did cause a supplemental clerk's record to be filed, but it contains only an untimely motion to extend time to file the notice of appeal — a motion that was filed in the trial court and apparently not ruled upon.  Appellant did not file a response establishing this court's jurisdiction.

Because the notice of appeal in this case was not timely filed, we lack jurisdiction to entertain the appeal. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex. Crim. App. 1991) (explaining that writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure governs out-of-time appeals from felony convictions). Accordingly, we dismiss this appeal for want of jurisdiction.

PER CURIAM

Do Not Publish