

# Fourth Court of Appeals
## San Antonio, Texas

October 9, 2018

No. 04-18-00711-CR

Francisco Antonio **RAMIREZ,**
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR2238
Honorable Catherine Torres-Stahl, Judge Presiding

# O R D E R

The trial court imposed sentence on August 23, 2018, and appellant did not file a motion for new trial. Because appellant did not file a motion for new trial, the deadline for filing a notice of appeal was September 24, 2018. *See* Tex. R. App. P. 26.2(a)(1). A notice of appeal was not filed until October 2, 2018, and appellant did not file a motion for extension of time to file the notice of appeal. *See id.* R. 26.3.

A notice of appeal may appear to be late if filed by mail pursuant to Rule 9.2(b) of the Texas Rules of Appellate Procedure. *See id.* R. 9.2; *Moore v. State*, 840 S.W.2d 439 (Tex. Crim. App. 1992) (applying mailbox rule to filing of cost bond in appeal of criminal case); *Villarreal v. State*, 199 S.W.3d 30 (Tex. App.—San Antonio 2006, order), *disp. on merits*, No. 04-06-00022-CR, 2007 WL 120625 (Tex. App.—San Antonio Jan. 19, 2007, pet. ref'd) (mem. op., not designated for publication) (holding inmate's notice of appeal was timely filed when delivered in a properly-addressed envelope to jail authorities on or before due date and received by clerk within ten days of filing deadline). The notice of appeal does not contain a certificate of service and does not indicate whether it was filed with the clerk's office by mail, and the record does not contain a copy of an envelope bearing a postmark.

We therefore **ORDER** appellant to file a response in this court **on or before NOVEMBER 8, 2018**, establishing the notice of appeal was timely filed by mail, or showing cause why this appeal should not be dismissed for want of jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (holding that timely notice of appeal is necessary to invoke court of appeals' jurisdiction). If appellant fails to satisfactorily respond within the time

provided, the appeal will be dismissed for want of jurisdiction. If a supplemental clerk's record is required to show jurisdiction, appellant must ask the trial court clerk to prepare one and must notify the clerk of this court that such a request was made.

In addition, appellant entered into a plea bargain with the State, pursuant to which appellant pleaded nolo contendere to the offense of possession of a controlled substance with intent to deliver. The trial court imposed sentence in accordance with the agreement and signed a certificate stating this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). The clerk's record, which includes the trial court's rule 25.2(a)(2) certification and a written plea bargain agreement, has been filed. *See* TEX. R. APP. P. 25.2(d). This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.*

The clerk's record establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See* TEX. R. APP. P. 25.2(a)(2). The record also appears to support the trial court's certification that appellant does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate).

Accordingly, in addition to the necessity for appellant to show this court's jurisdiction, appellant is hereby given notice that in the event the appeal is not dismissed for want of jurisdiction, it will be dismissed pursuant to rule 25.2(d) of the Texas Rules of Appellate Procedure unless an amended certification showing that appellant has the right to appeal is made part of the appellate record on or before **NOVEMBER 8, 2018**. *See* TEX. R. APP. P. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order), *disp. on merits*, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (not designated for publication).

We **ORDER** all appellate deadlines are suspended until further order of the court.

We further **order** the clerk of this court to serve copies of this order on all counsel and court reporters Angeliz Rivera and Heather M. Collins.

Marialyn Barnard, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 9th day of October, 2018.

KEITH E. HOTTLE,
Clerk of Court