

# Fourth Court of Appeals
## San Antonio, Texas

May 13, 2019

No. 04-19-00295-CR

Luis Manuel **AGUILAR,**
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2016CR7357W
Honorable Catherine Torres-Stahl, Judge Presiding

# O R D E R

After granting the State's motion to adjudicate guilt and revoke community supervision, the trial court imposed sentence on October 1, 2018. A motion for new trial was therefore due October 31, 2018. *See* TEX. R. APP. P. 21.4(a). Appellant did not file a motion for new trial, and therefore, the deadline for filing a notice of appeal was October 31, 2018. *See id.* R. 26.2(a)(1). A notice of appeal was not filed until May 6, 2019, and appellant did not timely file a motion for extension of time to file the notice of appeal.[1] *See* TEX. R. APP. P. 26.3.

A notice of appeal may appear to be late if filed by mail pursuant to Rule 9.2(b) of the Texas Rules of Appellate Procedure. *See id.* R. 9.2. *Moore v. State*, 840 S.W.2d 439 (Tex. Crim. App. 1992) (applying mailbox rule to filing of cost bond in appeal of criminal case); *Villarreal v. State*, 199 S.W.3d 30 (Tex. App.—San Antonio 2006, order), *disp. on merits*, 2007 WL 120625 (No. 04-06-00022-CR, (Tex. App.—San Antonio Jan. 19, 2007, pet. ref'd) (holding inmate's notice of appeal was timely filed when delivered in a properly-addressed envelope to jail authorities on or before the due date and received by clerk within ten days of filing deadline). Although the certificate of service on the notice of appeal is dated November 7, 2018, the envelope, which contained the notice of appeal and motion for extension of time to file the notice of appeal, bears a postmark of April 17, 2019, a date not within the mandates of Rule 9.2. Accordingly, the mailbox rule does not apply.

---

[1] The clerk's record contains a pro se motion for leave to file a late notice of appeal. However, it was filed May 6, 2019, well beyond the due date of November 15, 2018. *See* TEX. R. APP. P. 26.3 (stating appellate court may extend time to file notice of appeal if within fifteen days after deadline party files notice of appeal and motion to extend time to file notice of appeal).

We therefore **ORDER** appellant to file a written response in this court **on or before June 12, 2019** showing cause why we should not dismiss this appeal for want of jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (holding that timely notice of appeal is necessary to invoke court of appeals' jurisdiction). If appellant fails to satisfactorily respond within the time provided, the appeal will be dismissed for want of jurisdiction. If a supplemental clerk's record is required to show jurisdiction, appellant must ask the trial court clerk to prepare one and must notify the clerk of this court that such a request was made. All deadlines in this matter are suspended until further order of the court.

We **order** the clerk of this court to serve a copy of this order on the district clerk, the court reporter, and all counsel.



_____
Beth Watkins, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 13th day of May, 2019.

_____
KEITH E. HOTTLE,
Clerk of Court