**Dismissed and Opinion Filed on March 17, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-01492-CR

**ANDREW ANDERSON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F19-52721-R**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Nowell, and Evans
Opinion by Justice Partida-Kipness

Andrew Anderson appeals his conviction for aggravated assault with a deadly weapon. On July 25, 2019, appellant pleaded guilty under a plea bargain agreement with the State and was placed on eight years of deferred adjudication. Shortly thereafter, the State filed a motion to proceed to adjudication alleging appellant violated a condition of his supervision. Appellant entered an open plea of true to the allegation in the motion. On October 7, 2019, the trial court found the allegation true, found appellant guilty, and assessed punishment at eight years. The trial court certified, and the record supports, that appellant has the right to appeal.

On December 2, 2019, appellant filed his notice of appeal in the trial court. After the record was filed, we requested jurisdictional letter briefs from appellant and the State regarding the timeliness of the appeal. After reviewing those and the applicable law, we dismiss this appeal.

A defendant perfects an appeal by filing with the trial court clerk, within thirty days after the date sentence was imposed, or within ninety days after sentencing if the defendant timely filed a motion for a new trial, a written notice of appeal showing his desire to appeal. *See* TEX. R. APP. P. 25.2(b), (c), 26.2(a), (b). A document received "within ten days after the filing deadline is considered timely filed if," as relevant here, "it was *sent to the proper clerk* by United States Postal Service or a commercial delivery service." *See* TEX. R. APP. P. 9.2(b)(1)(A) (emphasis added). Courts have interpreted the phrase "proper clerk" liberally to include "agents of the district clerk" and the clerk of the correct court of appeals. *See Taylor v. State*, 424 S.W.3d 39, 45–46 (Tex. Crim. App. 2014); *Moore v. State*, 840 S.W.2d 439, 441 (Tex. Crim. App. 1992). Mailing a notice of appeal to one's attorney, to the trial court, or to the trial court judge does not meet the requirements of the rule. *Turner v. State*, 529 S.W.3d 157, 159 (Tex. App.—Texarkana 2017, no pet.) (holding prisoner mailbox rule did not apply when appellant delivered envelope to prison authorities for forwarding to trial judge); *Bowen v. State*, 05-19-01530-CR, 2020 WL 1042646, at *1 (Tex. App.—Dallas Mar. 3, 2020, no pet. h.) (mem. op., not designated for publication) (concluding mailbox rule did not apply when notice was

–2–

mailed to trial court judge); *Rhodes v. State*, 05-16-00921-CR, 2017 WL 3587101, at *2 (Tex. App.—Dallas Aug. 21, 2017, no pet.) (mem. op., not designated for publication) (mailing notice of appeal to third-party agent for redelivery to trial court clerk does not comply with rule). In the absence of a timely filed notice of appeal, we must dismiss the appeal for want of jurisdiction. *See Castillo v. Sate*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012).

Here, the trial court adjudicated appellant's guilt and pronounced sentence in on October 7, 2019. Because appellant did not file a motion for new trial, his notice of appeal was due on November 6, 2019. *See* TEX. R. APP. P. 26.2(a)(1). Appellant's undated notice of appeal, post-marked November 4, 2019, was mailed to "Dallas County Court #265." It was then forwarded to the district clerk who file stamped it on December 2, 2019. Because the notice was not sent to the proper clerk, appellant cannot avail himself of the ten-day grace period provided by the mailbox rule. *See id*. 9.2(b); *see also Turner*, 529 S.W.3d at 159. As a result, appellant's notice of appeal is untimely, and we lack jurisdiction over this appeal. *See Castillo*, 369 S.W.3d at 202.

We dismiss this appeal for want of jurisdiction. [1]


/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS

Do Not Publish                                 JUSTICE
TEX. R. APP. P. 47.2(b)

---

[1]Appellant is not without a remedy.  He may seek an out-of-time appeal under article 11.07 of the code of criminal procedure.  *See* TEX. CODE CRIM. PROC. ANN. art. 11.07.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ANDREW ANDERSON, Appellant

No. 05-19-01492-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F19-52721-R.
Opinion delivered by Justice Partida-Kipness, Justices Nowell and Evans participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.


Judgment entered this 17th day of March, 2020.