**Dismiss and Opinion Filed April 22, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-20-00413-CR
### No. 05-20-00414-CR

**RYAN SULLIVAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 363rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F19-34385-W & F19-34386-W**

## MEMORANDUM OPINION

Before Justices Schenck, Molberg, and Nowell
Opinion by Justice Nowell

Ryan Sullivan was charged with fraudulent use or possession of more than fifty items of identifying information and unauthorized use of a motor vehicle. On October 8, 2019, appellant pleaded guilty under plea bargain agreements with the State. The trial court followed the plea agreements, placed appellant on deferred adjudication for five years in each case, and certified that each was a "plea-bargain case, and the defendant has NO right of appeal." On November 4, 2019, appellant signed a notice of appeal with both case numbers listed; this document was mailed to the trial court judge in an envelope postmarked November 6, 2019. It was file-

stamped by the Dallas County District Clerk on March 2, 2020 and forwarded to this Court on April 1, 2020.

A defendant perfects an appeal by filing with the trial court clerk, within thirty days after the date sentence was imposed, a written notice of appeal showing his desire to appeal. *See* TEX. R. APP. P. 25.2(b), (c), 26.2(a), (b). Under the prisoner mailbox rule, if a pro se inmate timely delivers a document to prison authorities for forwarding to the court clerk, the document is deemed filed when placed with prison officials for mailing. *Campbell v. State*, 320 S.W.3d 338, 344 (Tex. Crim. App. 2010). Courts have interpreted court clerk liberally to include "agents of the district clerk" and the clerk of the correct court of appeals. *See Taylor v. State*, 424 S.W.3d 39, 45–46 (Tex. Crim. App. 2014); *Moore v. State*, 840 S.W.2d 439, 441 (Tex. Crim. App. 1992). However, mailing a notice of appeal to one's attorney, the trial court, or the trial court judge does not meet the requirements of the rule. *Turner v. State*, 529 S.W.3d 157, 159 (Tex. App.—Texarkana 2017, no pet.) (holding prisoner mailbox rule did not apply when appellant delivered envelope to prison authorities for forwarding to trial judge); *Bowen v. State*, 05-19-01530-CR, 2020 WL 1042646, at *1 (Tex. App.—Dallas Mar. 3, 2020, no pet. h.) (mem. op., not designated for publication) (concluding mailbox rule did not apply when notice was mailed to trial court judge).

In these cases, the trial court placed appellant on deferred adjudication on October 8, 2019, making any notice of appeal due on November 7, 2019. *See* TEX.

–2–

R. APP. P. 26.2(a)(1). Appellant's notice, post-marked November 6, 2019, was mailed to "Tracy Holmes," presiding judge of the 363rd Judicial District Court, then forwarded to the district clerk who filed it on March 2, 2020. Because appellant's notice was not mailed to the court clerk, but rather to the trial court judge, the prisoner mailbox rule does not apply, and appellant's notice of appeal is untimely.

In addition, the trial court certified appellant's cases were plea bargain cases and that he had no right to appeal. A defendant who enters into a plea bargain agreement with the State may appeal only matters raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006). Nothing in the record shows appellant filed written pre-trial motions that were ruled on before trial. And the record is clear that the trial court filed a certification stating the sentences in these cases were the result of a plea bargain agreement and appellant has no right to appeal.

Under these circumstances, we have no alternative than to dismiss these appeals. *See Castillo v. Sate*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012) (in absence of timely filed notice of appeal, court must dismiss appeal for want of jurisdiction.).

/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
200413F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RYAN SULLIVAN, Appellant

No. 05-20-00413-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F19-34385-W.
Opinion delivered by Justice Nowell. Justices Schenck and Molberg participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.


Judgment entered this 22nd day of April, 2020.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

RYAN SULLIVAN, Appellant

No. 05-20-00414-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F19-34386-W.
Opinion delivered by Justice Nowell.
Justices Schenck and Molberg
participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.


Judgment entered this 22nd day of April, 2020.