

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-20-00597-CR

Richard **LARES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CR-10110
Honorable Juanita A. Vasquez-Gardner, Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
              Patricia O. Alvarez, Justice
              Luz Elena D. Chapa, Justice

Delivered and Filed: February 17, 2021

DISMISSED FOR LACK OF JURISDICTION

On November 27, 2020, appellant Richard Lares filed a pro se notice of appeal stating he was appealing "a Final Judgment of Conviction with a[n] 'Amended' stamp" on it that was signed on August 11, 2020. *See Turner v. State*, 529 S.W.3d 157, 158 (Tex. 2017) (deeming pro se inmates pleading as filed at the time the prison authorities duly receive the document to be mailed). On January 19, 2021, the district clerk filed the clerk's record, which established that pursuant to a plea bargain agreement, Lares pled nolo contendere to aggravated sexual assault of a child, and the trial court signed a judgment of conviction that imposed sentence on August 10, 2009. The

record also established that on August 13, 2020 and September 8, 2020, the trial court made corrections to the judgment by signing what are styled "Amended Judgment" and "2nd Amended Judgment."

"A timely notice of appeal is necessary to invoke appellate jurisdiction." *Blanton v. State*, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012). In absence of a timely motion for new trial, a defendant must file a notice of appeal within thirty days after the day sentence is imposed or after the day the trial court enters an appealable order. TEX. R. APP. P. 26.2.

Because it appeared we lacked jurisdiction to consider this appeal, we ordered Lares to file a response by February 22, 2021 showing cause why this appeal should not be dismissed for lack of jurisdiction. We cautioned Lares that if he failed to satisfactorily respond within the time provided, the appeal would be dismissed. *See id.* R. 42.3(c). On January 25, 2021, Lares's court appointed appellate attorney acknowledged this court does not have jurisdiction to consider Lares's appeal. We therefore dismiss this appeal for lack of jurisdiction.

PER CURIAM

Do Not Publish